## J. A. V. FELTUS ET AL. v. B. P. SWAN.

1. AGENT. *Omission of duty. Rule as to liability.*

    An agent is liable to no one except his principal for damage resulting from an omission or neglect of duty in respect to the business of his agency, even though such omission be with a malicious intent to injure a third person, and have that effect.

2. SAME. *Damage by omission of duty. Liability to third person. Rule applied.*

    Upon the principle above stated, an agent in charge of a plantation is not liable to the owner of an adjoining plantation for damage resulting from the malicious neglect and refusal of the agent to keep open a drain which it was his duty, as such agent, to keep open.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

This is an action for damages brought on the 3d of September, 1884, by J. A. V. Feltus and others against D. D. Withers and B. P. Swan. The declaration avers that the plaintiffs own a plantation known as Deer Park, and that defendant Withers owns an adjoining plantation known as Lochdale, " which is and has been for more than ten years past under the charge and control of defendant Withers, as the owner thereof, and defendant B. P. Swan as the manager and agent thereof, and that more than ten years ago a levee was built by the respective owners of said plantations, and from thence until now has remained for the joint protection thereof against high waters, and it has always been the custom, and plaintiffs were entitled to have the waters from time to time collecting behind and back of said levee and being in and upon their said land, from rain, sipage, and overflow, drained and carried away from the same through a certain drain, cut and run around, in, and through said Lochdale plantation, and thence off of plaintiffs' said land, and that it was the duty of defendants, owning and occupying the adjoining close and plantation aforesaid, to open the said drain, that the water might be drained off of plaintiffs' land aforesaid, and plaintiffs' land could only be drained through defendants' said close and plantation; that during the year 1884, from the 1st of January to the 1st of September, large

quantities of water, from rain, sipage, and overflow, collected in and driven back upon plaintiffs' land, were obstructed and prevented from running off and away from the land by defendants neglecting and refusing to open the drain aforesaid, which it was their duty to do, and by reason of such neglect and refusal the aforesaid land of plaintiffs for the time aforesaid was rendered unfit to cultivate and greatly damaged, etc."

Swan demurred to the declaration on the ground that, as the agent of Withers, he was not liable for the acts of omission and neglect averred in the declaration. The court sustained the demurrer, and the plaintiffs asked leave to amend their declaration by inserting words therein charging that the neglect and refusal which it was declared produced the damage to the plaintiffs " was malicious and with the intention of injuring the plaintiffs' aforesaid lands." The court refused to grant such leave and dismissed the action as to Swan. The plaintiffs dismissed as to Withers and appealed against Swan.

*C. P. Neilson* and *D. C. Bramlett,* for the appellants.

It is not clear that the injury complained of is a mere *nonfeasance* of the agent—in fact, it occurs to us that we charge a positive wrong. This must be apparent to any one acquainted in theory or fact with the levee system of the Mississippi River. In times of high water, back of all or nearly all levees large quantities of water collect to the height of the river water in front, and this back water must be drained off as the river recedes, otherwise it is more damaging than to have welcomed the overflow. And it is also true that there are natural drains in many sections through which only the water from a large area of land may be carried off. But whether the wrong charged is a *misfeasance* or *nonfeasance,* we contend that it is an exception to the general rule which exempts a servant from personal liability to a third person for injuries done by negligence in the discharge of his duties. Here is a most flagrant outrage done, causing great damage, which was alone in the power of appellee and Withers to avert, and they are equally liable under the declaration here and were properly joined. See 1 Wait's Actions and Defenses 264–5; Addison on

Torts, 3d ed., 933.   It was error in the court below to deny our·
application to amend our declaration.

*Carson, Shields & Carson,* for the appellee.

With regard to the liability of agents to third persons for *torts*,
there is a distinction between acts of *misfeasance,* or positive wrongs,
and *nonfeasance,* or mere omissions of duty.   Story on Agency
311.   In the former case (*misfeasance*), the agent is personally
liable to third persons, although authorized by his principal, while
in the latter (*nonfeasance*) he is in general solely liable to his
principal.   See Story on Agency, §§ 308, 309 ; see also Story on
Bailments, § 404 ; *Denny* v. *Manhatton Bank,* 2 Denio 115 ; Sher-
man & Redfield on Negligence, § 111 ; 1 Chitty Pleadings 75,
77.

We hold that the allowance of amendments to declarations is
within the discretion of the court, and we think the court did not
err in disallowing the amendment in this case, for it is evident that
it made an entirely new and different action.

CAMPBELL, C. J., delivered the opinion of the court.

The appellee being a mere agent was not liable for an omission
of duty except to his principal.   Story on Agency, §§ 308, 309 ;
Wharton on Agency, §§ 535, 536 ; Dunlap's Paley's Agency 396.

The proposed amendment would not have made the declaration
good, for whatever motive operated on the agent, the charge against
him was only that he had failed to do, and not that he had done
anything maliciously, and for *nonfeasance* or omission to act at all
the agent is answerable only to his employer.

*Affirmed.*