MINOR v DOCKERY.

[88 South. 321, No. 21797.]

1. ANIMALS. *Statute imposes absolute liability on owner of trespassing stock.*

Under the stock law contained in chapter 50, Code of 1906 (chapter 102, Hemingway's Code), the owners of the domestic animals therein named are required to fence such animals against the crops, and crops may be cultivated on uninclosed lands; and section 2222, Code of 1906 (section 4541, Hemingway's Code), being part of said stock law, makes the owner of trespassing stock absolutely liable for damages done by them to the crops of others, and questions of due care and negligence in confining stock are eliminated.

2. ANIMALS. *Agent in control of trespassing stock not liable for damages.*

A mere agent in control of the cattle, horses, and mules belonging to his principal is not liable for damages done by such animals in trespassing upon the crops of another, under the principle that an agent is liable to no one except his principal for damages resulting from an omission or neglect of duty in respect to the business of the agency.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Action by Octavia Dockery against Duncan G. Minor. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Engle & Laub,* for appellant.

These cattle alleged to have trespassed on the lands of appellee were in the direct charge of employees living on the Fatherland Place and the appellant was a mere intermediate agent between the owners and these employees.

The instructions given by appellant were to keep up the cattle and to keep up the fences. Appellee cites the case of *Bileu* v. *Paisley,* 4 L. R. A. 840. That case under the facts of this case is authority for the appellant. See Opinion pages 843-844 and quotations therein from *Brown* v. *Lent,* 20 Vt. 529.

Appellant also makes an effort to apply the rule announced in *Montgomery* v. *Handy,* 62 Miss. 16, to the facts in this case. In the *Montgomery* v. *Handy* case, the defendant who was sued for the trespass, owned some of the cattle in the common enclosure and voluntarily permitted the cattle of another to mingle and run with his own and as it would be difficult to distinguish under the circumstances whether his cattle or the other cattle he allowed to mingle with his did the damages, then it was reasonable for the court to hold that he was an owner for that one particular occasion or as the court puts it an owner *pro hoc vice.* But the court did not depart from the language of the statute in our state that the owner is liable for the damage but simply held the defendant under the peculiar facts of the *Montgomery* v. *Handy case,* to be an owner for all intents and purposes.

It is clear that appellant as this intermediate agent took all reasonable steps to prevent the cattle getting out and trespassing. We respectfully submit that this case should be reversed and dismissed and judgment rendered for appellant.

*Ratcliff & Kennedy,* for appellees.

The assignments of error as to the instruction given this appellee and the instructions refused appellant have really to do with the proposition of law as to whether or not the person having possession or control of the animal will be liable for damages or is the liability confined simply to the owner? Appellant contends that the liability is regulated by section 2222 of the Code of 1906, which says: "Any owner of cattle . . . shall be liable in damages for all injuries. . . ."

This immediate proposition was disposed of in the case of *Montgomery* v. *Handy*, 62 Miss. 16, in which an action was brought for the destruction of crops by animals. The defendant resisted liability; that there was not a common enclosure, a question not pertinent to the issue here, and that he was not liable for the destruction of any crops done by his brother's stock since the section referred to makes only the owner of the stock responsible, which he stated these cattle were not.

The facts were that the defendant in the reported case permitted his brother to drive a number of cattle onto the defendant's place, and both the defendant's cattle and his brother's cattle readily passed over into the land of the plaintiff and damaged their crops. In passing upon the defense, CHALMERS, J., said:

"Neither position is sound—he was equally responsible for damage inflicted by the stock of his brother, which by permission, had been mingled with his own. It is true that the statutes speak of the owner only as being responsible and it is true also that penal statutes are to be strictly construed. But that the defendant was liable for the damage inflicted by all the stock voluntarily mingled with his own seems too plain for argument. If he was not, he would have been equally acquitted for damage done by a hired animal though hiring was for the whole year, since in

either case it might have been argued that he was not the owner of the animals; in either case he was the owner *pro haec vice* and must be so treated.

This decision of our own court, to our mind, disposes of the question at issue, but, again, in the case of *Knott* v. *Brewster,* 27 So. 758, a plaintiff sued defendant for damages to his crops by defendant's cattle or cattle in his charge; the defendant, among other things, plead that he did not own any cattle. A peremptory instruction was given in the lower court and Terrell, J., reversed the case, and stated that it was a question for the jury.

"Liability for the trespass of animals is imposed not because of ownership but because of possession, and of the duty to care for them. Accordingly, one who has the use, care and control of cattle, although not their absolute owner is liable for their trespasses." 3 Corpus Juris, p. 144, sec. 452.

In the case of *Bileu* v. *Paisley,* 18 Or. 21; 4 L. R. A. 840, it was held: "That the manager of sheep, who was not the owner thereof, is responsible to a third party for actions of the herders employed by him, although the acts were done without his knowledge or authority and contrary to his direction."

Under our statute, any person having possession of, or control of, cattle, is the owner *pro haec vice* under section 2222 imposing liability upon any owner for damages for all injuries committed by such animals.

Negligence of the owner, or person having possession, is not a prerequisite to the liability. There is liability in a stock-law district when it is shown that certain cattle did certain damages, and it is not incumbent upon a plaintiff to show that there was negligence attending the trespass of the animals; it is the absolute duty of a person having possession of an animal in a stock-law district to keep the same within an enclosure and not to permit it to escape.

The court properly refused the following instruction requested by the defendant: "The court instructs the jury

that if they believe from the evidence that stock other than the Fatherland stock got into the fields or crops of plaintiff, and they are unable to determine just what damage was done by the stock in possession or control of the defendants, that they should find for defendant."

There was no evidence that any stock other than the Fatherland stock got into the fields of plaintiff and did any of the damage for which this suit is brought. However, if stock in the possession or under the control of the defendant, other than Fatherland stock, did do some of the damage, the defendant was, of course, liable, and the instruction would have been properly refused. No doubt, counsel intended said instruction to refer to stock other than stock under the possession and control of defendant, but the instruction was not so worded, and was properly refused.

We respectfully submit that this cause should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellee, Miss Dockery, plaintiff in the court below, sued the appellant, Minor, defendant, in the circuit court of Adams county, for damages alleged to have been done the crops growing on her land by the cattle, horses, and mules belonging to the appellant, during the years 1917 and 1918, and recovered judgment, from which appellant prosecutes this appeal.

Appellee alleged in her declaration that the stock which damaged her crops were owned by, or under the control of, appellant. The evidence showed without conflict that they were the joint property of the mother of appellant, Mrs. K. S. Minor, and her brother, Jas. Surget, and that the only interest appellant had in them was as agent of his mother and uncle in the capacity of manager of the Fatherland place, owned by them, on which their stock which did the alleged damage were situated, and from which it is charged they strayed onto appellee's place.

Appellant asked an instruction, which was refused by the court, directing the jury to return a verdict in his favor; and he requested, and the court refused, three other instructions, in which it was sought to direct the jury to return a verdict for appellant if they should find from the evidence that he did not own the animals alleged to have done the trespassing, but merely had control of them as the agent of the owner.

It was agreed and made part of the evidence in the case that Adams county was under what is known as the "Stock Law," which is contained in chapter 50, Code of 1906 (chapter 102, Hemingway's Code).

Under the provisions of this statute the domestic animals therein named are fenced against the crops, and the crops are cultivated uninclosed. And the owners of trespassing stock are made absolutely liable for all damages done by such stock. Questions of due care and negligence in confining stock are eliminated. The statute (section 2222, Code of 1906; section 4541, Hemingway's Code), provides that, "Every owner of . . . shall be liable," etc.

It is contended on behalf of appellant that there is no liability on his part for the trespass, because the stock were owned by others, and he had control of them as their agent; that under the terms of the statute imposing absolute liability only the owners are made liable; and that regardless of the statute a mere agent would not be liable under the common law, and to sustain this contention *Feltus* v. *Swan*, 62 Miss. 415, is relied on. In that case the court held (and the principle is supported by the authorities, and in our judgment is sound) that an agent is liable to no one except his principal for damages resulting from an omission or neglect of duty in respect to the business of the agency.

On the other hand, it is contended for the appellee that appellant, as agent in charge and control of the stock for his mother and uncle, was owner *pro hac vice;* and under the authority of *Montgomery* v. *Handy*, 62 Miss. 16, was

liable for the damages resulting from their trespassing. In our opinion this contention is unsound. The facts of that case, as stated by the court in its opinion, were as follows:

"Plaintiff and defendant, and also one Ayers, made their several crops under one fence within a common inclosure. In the fall of the year, and before their crops were gathered, the defendant, Handy, without consultation with his neighbors, inclosed his own crop on three sides, leaving the fourth side to be completed by his immediate neighbor, Ayres, who already had a very insufficient fence between the land of himself and that of Ayres. Upon his own land Handy's cattle were already located and he permitted those of his brother also to be driven thereon. Both his own and his brother's cattle readily passed over the insufficient fence into the land of Ayres, and thence, of course, into that of plaintiff, Montgomery, and greatly damaged her crop."

On this question the court said: "He was equally responsible for damage inflicted by the stock of his brother, which by permission had been mingled with his own. It is true that the statute speaks of the 'owner' only as being responsible, and it is true also that penal statutes are to be strictly construed. But that the defendant was liable for the damage inflicted by all the stock voluntarily mingled with his own seems too plain for argument. If he was not, he would have been equally acquitted for damage done by a hired animal, though the hiring was for the whole year, since in either case it might have been argued that he was not the 'owner' of the animal. In either case he was the 'owner' *pro hac vice,* and must be so treated."

Under the facts of that case it will be seen that the defendant became a bailee of his brother's cattle by permitting them to be driven into his inclosure and mingled with his; and that is what the court held. A bailee is the owner *pro hac vice* of the subject of bailment. An owner *pro hac vice* has some interest or title in the property. As a bailee, he would be such an owner. But a mere agent, in

charge of personal property for his principal, is not the owner in any such sense.

It follows from these views that the court below should have given the peremptory instruction requested on behalf of appellant and refused by the court.

*Reversed and remanded.*