MOBILE & OHIO RAILROAD CO. *v.* D. N. STINSON.

1. EVIDENCE.   *Res gestœ.   Agent.   Declarations.*

   The declaration of a railroad section foreman, who set out fire on the right of way of a railroad company, while the fire is yet burning, as to the origin of the fire, are admissible in evidence in an action against the railroad company for loss resulting from the fire, as part of the *res gestœ.*

2. FIRE.   *Damages.   Negligence.*

   The setting out of fire on one's own land may be, and is, under some circumstances, sufficient proof of negligence to entitle the owner of adjoining lands to recover damages caused by the spread of the fire.

3. SAME.   *Contributory negligence.*

   One who uses his land in a natural and ordinary way, for purposes to which it is suited, is not required to anticipate negligence by a railway company whose track is adjacent, and his failure to so manage his business as to protect his property from loss against such negligence, is not contributory negligence on his part.

4. RAILROAD.   *Section foreman.   Scope of agency.   Judicial knowledge.*

   Where there is no dispute as to a railroad section foreman's agency,

the court will take knowledge of the fact that it was his duty to keep both track and right of way in proper condition.

5. COMPROMISE.    *Offers.    Statement of value.*

The fact that a plaintiff has offered to accept a sum of money in full settlement of damages for the destruction of his property by fire, and stated the property to be of such value, does not preclude him, on the rejection of the offer, from recovering such greater sum as the proof may warrant.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

This suit was brought by appellee to recover damages from the railroad company for the destruction, by fire, of a large number of pecan trees.    The evidence showed that the railroad right of way and appellee's adjoining pecan grove were both covered with tall grass and weeds, which were highly combustible; that on quite a windy day the railroad section foreman, for the purpose of clearing the same, set fire to the grass and weeds on the right of way, from which the fire spread and destroyed the trees for which the suit was brought; that the fire originated on the right of way was proved independent of the declarations of the section foreman; but that it was set out by the foreman, as above stated, was shown only by his declarations, made during the progress of the fire.    Before suit brought the appellee stated to the railroad officials, by letter, that he would accept a sum less than that demanded in the declaration, and stated that the trees were worth less that the value claimed and recovered in the suit.

The verdict and judgment of the court below were for appellee, and the railroad company appealed.

*Critz, Beckett & Jones,* for appellant.

A person is not liable for damages by fire which commenced on his premises, spreading to the property of another, in the absence of proof of some misconduct or negligence on his part, the burden of proving which is on the plaintiff, and the happen-

ing of fire or the destruction of the property does not raise a presumption of negligence.   3 Lawson's Rights, Remedies & Practice, p. 2446, sec. 1354, and p. 2458, sec. 1361.

It will readily be admitted, without referring to authorities, that a railroad has a right to clear and burn off its right of way, not only to protect adjacent property, but in order to have a clear track and unobstructed view, and thus prevent collisions and other disasters, and to better secure the safety of their passengers and freight.

The plaintiff was guilty of negligence or contributory negligence on his part.   His pecan trees were only about eighteen inches high, and, instead of cultivating them, he allowed them to be overrun and taken with grass, which was three feet high, and, of course, completely obscuring the trees, so that there was nothing to put the section foreman on guard, or warn him that any extraordinary care was necessary.   The grass was worthless and is not sued for.   *Kesee* v. *Railroad Co.*, 30 Iowa, 78; *Murphy* v. *Railroad Co.*, 45 Wis., 222; *Chicago, etc., Railroad Co.* v. *Simonson*, 54 Ill., 504; 1 Rice on Evidence, p. 119, sec. 82.

The declarations of the section foreman were not admissible in evidence; were not part of the *res gestæ*.   Before the declarations of an agent are admissible, the agency must be established by independent evidence, and this was not sufficiently done, and cannot be established by his declarations.   This rule is announced and authorities referred to in *Memphis & Vicksburg Railroad Co.* v. *Cocke*, 64 Miss., 713, 716.

And they must be made by him about a matter in which he was acting within the scope of his authority.   The scope of the foreman's authority was not proved.   *Bernheim, etc.*, v. *Hahn*, 65 Miss., 459, 462; *Wells* v. *Alabama Great Southern Railroad Co.*, 67 Miss., 24, 31, 32.

And, moreover, must be while he is so acting, and about the matter in which he is acting, so as to give character to, and throw light on, the act which he was then performing.   The

foreman, when he made the declarations, was not so acting. *Bernheim* v. *Hahn*, 65 Miss., 459–462; *Vicksburg, etc., Railroad Co.* v. *McGowan*, 62 Miss., 682.

*Fox & Roane* and *J. J. McClellan*, for appellee.

It is a well-recognized principle that the declarations of a servant are admissible against the master, when made with reference to the actions of the servant within the scope of his authority, and at a time when such action, or their direct results, are in progress. It was a part of the section foreman's duty to burn off the right of way, and he was engaged in his master's business, both at the time he set out the fire and at the time he made the declarations. Not only so, but these declarations were made while the fire was burning, and in explanation of the same. They were a part of the *res gestæ*, and admissible. *Yazoo, etc., R. R. Co.* v. *Jones*, 73 Miss., 229. It is negligence on the part of a railroad company to allow dry grass to accumulate on its right of way, and it is liable for starting a fire in such grass, which is communicated to adjoining property. *Flyma* v. *Railroad Co.*, 43 Col., 14; *Kesee* v. *Railroad Co.*, 51 Ind., 150; *White* v. *Railroad Co.*, 30 Iowa, 78; *White* v. *Railroad Co.*, 13 Am. & Eng. R. R. Cas., 473; *Railroad Co.* v. *Sharefelt*, 47 Ill., 417. It is true a railroad company has the right to set fire to and burn the dry grass on its right of way, but it is bound, at its peril, to keep such fire on its own limits. *Railroad Co.* v. *Overman*, 29 Am. & Eng. R. R. Cas., 161; 110 Ind., 538. The negligence of the company was settled already by this court in *M. & O. R. R. Co.* v. *Gray*, 62 Miss., 383. It has often been decided that landowners are not guilty of contributory negligence on failing to keep land adjoining the right of way of a railroad company free from combustible material. 110 Am. & Eng. R. R. Cas., 76; 44 *Ib.*, 334; 23 *Ib.*, 364; 18 *Ib.*, 154; 76 Mo., 217.

WOODS, C. J., delivered the opinion of the court.

When Page, the section master, made the statement to the

witness, Paine, as to the origin of the fire, which partially destroyed the pecan grove of appellee, the conflagration was then raging, and it was a declaration explaining other parts of the act of the destruction of the grove, of which it was itself a part. The injury complained of was the burning of the grove, on account of the carelessness of the appellant's servants in setting out fire on the right of way of the railroad, and any declaration made by the section master, the servant who set out the fire, as to the origin or progress of the fire, while the conflagration was yet incomplete and unfinished, was clearly admissible, in our opinion. In that case such declarations were part of the *res gestæ*, and not a narration of a past and completed event. To confine the admissibility of such declarations to any one point of time, in the course of the transaction being inquired about, would be to arbitrarily exclude, often, not to say always, many pieces of evidence which would shed light upon the whole affair, and which were parts of one entire event. We know of no more clear and concise statement of the law in such cases than is to be found in the case of *Mayes* v. *The State*, 64 Miss., and that case, taken with the later one of *Yazoo & Mississippi Valley Railroad* v. *Jones*, 73 Miss., 229, must govern this contention in the present appeal.

It is earnestly insisted that to permit the judgment to stand would overturn the well-settled principle that one is not liable for damages for injuries suffered by another by reason of fire spreading from the premises of the first named to those of the other party, where no negligence is proven. But this contention is unsound. Multitudes of cases can be imagined where proof of the fact of putting out fire at all would authorize a presumption of negligence. In the present case, the evidence that fire was put out, on a windy day, in high dead grass on the right of way, which immediately adjoined the premises of the appellee, likewise covered with dry grass of considerable height and great thickness, and, in the absence of any other evidence as to the course and progress of the flames, warranted

the jury in applying their experience and common sense. to a solution of the matter, and in concluding that the fire naturally spread through this highly combustible material on the right of way to the highly combustible material on appellee's adjoining land, and that there was negligence in thus setting the grass afire and permitting it to spread out on appellant's lands.    We cannot say the verdict is unsupported by evidence, and we do not feel authorized to disturb it.                               *Affirmed.*

Appellant's attorneys filed an elaborate suggestion of error, urging the points indicated in the following opinion:

WOODS, C. J., made the following response for the court to suggestion of error filed to the former (the foregoing) opinion delivered in this case:

1. There was proof of the agency of the section master other than that contained in his own declarations.    There was no dispute as to his agency.    And as to the scope of that agency, we will employ that common knowledge possessed by mankind generally, in ascertaining whether it was his duty to look after and clear off the company's right of way.    We take knowledge of the fact that it was his duty to keep both track and right of way in proper condition.

2. The appellee was not guilty of contributory negligence in failing to cultivate his pecan grove so as to keep down growing grass.    We know of no reason for holding that a man is required to keep down grass in a pecan grove any more than in a meadow or cornfield.    The law is "that one who uses his land in a natural and ordinary way for purposes to which it is suited, is not required to anticipate negligence by the adjacent railway company, and his failure to so manage his business as to protect his property from loss against such negligence is not contributory negligence on his part."    *Home Ins. Co.* v. *Railway Co.*, 70 Miss., 119.

3. That the fire which destroyed appellee's pecan grove originated upon the right of way of appellant company was shown

Syllabus.

by evidence other than that contained in the section master's declarations. The agreed statement of counsel, sent us after the argument of the cause, is to the effect that the fire was seen by a witness, not the section master, on the right of way before it had reached the field of appellee. Reference to the stenographer's notes, since sent us also, shows the correctness of this agreed statement of the counsel.

4. The letters of appellee, and his sworn statement to the company, in which the value of the trees was said to be fifty cents each, do not preclude appellee from showing the truth, and establishing the real value of the trees. The letters and statement were written with a view to securing a settlement by compromise and without suit, and that the value of the trees was greater than that which appellee named in his letters and statement, is clearly shown by abundant evidence other than his own.

*We adhere to our former opinion, and the suggestion is denied.*