### Indiana, I. & I. R. R. Co. v. Edgar Hawkins.

1. FIRES—*By Railroad Companies.*—Fire is a dangerous element, and one who sets it out upon the open prairie must be prepared to take care of it and prevent its escaping and doing damage to others or be liable for the consequences.

2. ACT OF GOD—*Definition.*—By the act of God is meant something superhuman, or something in opposition to the hand of man.

**Action for Damages Caused by Fire.**—Trial in the Circuit Court of Kankakee County, on appeal from a justice of the peace; the Hon. JOHN SMALL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

H. K. WHEELER and J. BERT MILLER, attorneys for appellant.

H. L. RICHARDSON, attorney for appellee.

Mr. Presiding Justice Crabtree delivered the opinion of the court.

Appellee sued appellant before a justice of the peace to recover damages to his property adjoining appellant's right of way, caused by a fire set out by appellant's servants upon said right of way, and which escaped to said adjoining land of appellee and did the injury complained of. Upon a trial of the cause in the Circuit Court, on appeal from the justice appellee obtained a verdict for $30, upon which the court entered judgment after overruling a motion for new trial. There is no dispute about the facts, nor is there any complaint as to the amount of damages, provided appellee was entitled to recover at all, which appellant strenuously denies.

The facts as stated by counsel for appellant are, that on the 6th day of October, 1896, for the purpose of burning dead grass off of the right of way of the railroad company, its section foreman set out a fire on such right of way on the north side of the track, at a point opposite the land of appellee, which was on the south side of the track, the railroad running east and west. At the time the fire was set out the wind was blowing from the northeast to the southwest, and it is claimed by appellant that the conditions were favorable to burn the dry grass on the right of way without danger of communicating fire to the lands of appellee. But while the section men were engaged in burning off the dead grass, a sudden gust of wind sprung up from the northeast and carried the blaze across the track, ignited the grass on appellee's land and burned over about three acres thereof. Upon these facts appellant insists it is not liable. Not a single authority is cited upon the question by counsel on either side of the case, they having contented themselves with stating the facts and leaving this court to find and apply the law. There being no dispute that the fire which caused the injury was deliberately set by the servants of appellant for its benefit, if it can be excused at all for the resulting damages to appellee, it can only be on the ground that damages were occasioned by the act of God, or inevitable accident. An act of God is defined as " an event

which could not happen by the intervention of man; such as a death, storm, earthquake, extraordinary flood," etc. (1 Rapalje & Lawrence Law Dict., 18.) And our own Supreme Court say, " By the act of God is meant something superhuman, or something in opposition to the act of man." C. & N. W. R. R. Co. v. Sawyer, 69 Ill. 285–289; Merchant's Despatch Co. v. Smith et al., 76 Ill. 542.

Such inevitable accidents as can not be prevented by human care, skill or foresight, but which result from natural causes, such as lightning and tempest, floods and inundation, are termed the acts of God. (Anderson's Law Dict. 23.) Applying these definitions to the facts in the case at bar, we are of the opinion the proximate cause of the damage to appellee was not the act of God or inevitable accident, but resulted solely from human agency, for which appellant was responsible. It does not appear from the evidence that the wind, which carried the fire to appellee's land, was of such unusual character or such force or violence as to be called an unlooked-for occurrence. The witnesses who set the fire testified as follows: Eugene Canon, after stating the fact as to starting the fire said : " There was a kind of strong wind blew up all at once and blew flames across the tracks and set fire to south side of the right of way." Thomas Canon testified upon the same point that " a strong wind came up all at once, a gust of wind, and put the flames over where the grass happened to be high on the opposite side." This evidence falls far short of showing a tempest, hurricane or cyclone of uncontrollable force. It is matter of common experience and observation in this western prairie country, that just such gusts of wind as this apparently was, are liable to spring up at any time, especially when a fire is started in dry grass and weeds, such as accumulate in the fall of the year. Fire is a dangerous element, and one who sets it out upon the open prairie must be prepared to take care of it and prevent its escaping and doing damage to others or be liable for the consequences. We hold that appellant was clearly liable under the evidence, and the judgment must be affirmed.