EUGENE E. BALDWIN'S EXECUTOR v. ALABAMA & VICKSBURG RAILWAY COMPANY.

[52 South. 358.]

1. INSTRUCTIONS. *Applicability to case.*

Instructions not applicable to case should be refused.

2. EVIDENCE. *Judicial notice. Matters of common knowledge. Railroad section foreman. Duties.*

It is matter of common knowledge, of which the courts will take judicial notice, that it is the duty of a railroad section foreman to supervise the right of way, to keep it in such condition that fires will not extend from it to adjacent lands, and to extinguish fires when set out upon it.

3. RAILROADS. *Section foreman and laborers. Scope of authority. Principal and agent. Fires.*

The act of a railroad section foreman and the laborers under him, in starting a fire on the right of way, is within the scope of their

agency and their negligent act in so doing, or in permitting it to escape, imposes liability on the railroad company for damages proximately resulting therefrom to others.

4. DAMAGES. *Fruit trees. Fires.*

In an action for the negligent destruction of fruit trees by fire, the testimony showing that they were worth from one to four dollars each, an award of one and one-half dollars per tree is not excessive.

5. PROXIMATE AND REMOTE CAUSE. *Conflicting evidence.*

Where the testimony is conflicting as to whether the negligent starting of a fire and failure to control it, or the sudden springing up of a high wind, was the proximate cause of the injury for which the suit was brought, the question is one of fact for the jury.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Baldwin's executor, appellee, was plaintiff in the court below; the railway company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The facts, as stated by ANDERSON, J., were these:—"Appellee's intestate, Eugene E. Baldwin, sued the appellant, the Alabama & Vicksburg Railway Company, for $732 damage claimed to have been done him by the appellant in the destruction of his peach orchard of three hundred thirty-six trees by fire set out by the employes of the appellant. The plaintiff died after suit was brought, and the cause was revived in the name of his executor, Charles F. Baldwin. There was a trial, and verdict and judgment for $594 and costs, from which this appeal is prosecuted.

"It is insisted that the judgment ought to be reversed on three grounds, viz.: That the court erred in not granting the peremptory instruction asked on behalf of the defendant; that the verdict is excessive; and in refusing instruction No. 1 for the defendant, as follows: 'If the jury believe from the evidence

that the defendant's section hands, for the purpose of warming or cooking their food, set out the fire which, by spreading, caused the injury to plaintiff complained of, and that as soon as it was discovered that the fire had spread to plaintiff's property they made all proper effort to extinguish the same, they will find for the defendant.'

"The testimony for the plaintiff tended to establish the following facts: His home was near the railroad. His peach orchard and tenant houses were located near by on the south side of the railroad. The fire occurred in January, 1908, which destroyed his orchard. On that day a section crew, in the employ of the defendant company, were at work on the road near plaintiff's premises. This section crew set fire to a pile of old cross-ties on the right of way on the south side of the railroad. About noon, when they ate their dinner, these cross-ties were burning. There is some testimony to show that there was still another fire, which the section crew built to warm their dinners by. After eating dinner they went to work at a point not far distant from where this fire was, which was left burning. The right of way of the railroad at this point was foul with weeds and grass, not having been cleared or burned off for a year or more. Shortly after the section crew returned to their work, a fire was discovered burning from the direction of the railroad, where the burning cross-ties were left, toward the orchard. It had made considerable progress, it seems, when discovered. Parker, the section foreman, took his hands, and with the help of Baldwin succeeded in extinguishing the fire before it reached the tenant houses, but after it had burned through the orchard and destroyed the trees. While they were fighting the fire, Parker stated to Baldwin that the fire got out from the burning cross-ties; that it sprung up so suddenly he could not stop it. One of the section hands stated to a witness, about the same time, that the fire got out from one made at noon by the section crew to warm their dinner. There were three hundred thirty-

six peach trees entirely destroyed.    The testimony showed they
were worth from $1 to $4 apiece.

"The railway company undertook to show by its witnesses
that the section crew set out no fire; that they neither set fire
to cross-ties, nor built a fire to warm their dinners by; that the
right of way had been burned off a few months before, and was
clear of weeds and grass.    Several of the section hands testified
to these facts."


*McWillie & Thompson,* for appellant.

The evidence left the matter of the origin of the fire in great
doubt and we do not see how the jury could have attached any
value to the peach trees in the orchard over which the fire ex-
tended in view of their condition resulting from neglect and
being allowed to be run over by live stock.    The verdict is un-
questionably excessive but we wish to direct the attention of
the court to a grave error of law which was highly prejudicial
to the defendant and constitutes good ground for the reversal
of the judgment of the lower court.

As the court will discover from a perusal of the evidence
the contention of the plaintiff was that the fire spread from a
small fire kindled by the section hands of the defendant which
they built when they stopped work at noon for the purpose of
warming their victuals.

It is shown by the testimony of the plaintiff's witnesses and
indeed by plaintiff himself that just at this time a strong wind
suddenly sprang up and put the fire beyond the control of the
section hands.

The defendant's witnesses, while they denied that there was
any fire at all on the right of way and placed its point of origin
in an adjacent field, united in the statement that it was spread
by a high wind that arose in time to catch it.    It is not dis-
puted that as soon as the fire was discovered the defendant's

section foreman took all of his hands and went to the scene of the fire and fought the same with the utmost earnestness.

On this state of the evidence the defendant asked the following instruction:

"If the jury believe from the evidence that the defendant's section hands, for the purpose of warming or cooking their food, set out the fire which, by spreading, caused the injury to plaintiff complained of, and that as soon as it was discovered that the fire had spread to plaintiff's property, they made all proper effort to extinguish the same, they will find for the defendant."

The court below refused this instruction and erred in doing so.

A finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury is not warranted, unless it appear that the injury was the material and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. If there is an intermediate efficient cause which was not the material and probable consequence of the negligent act which could not be foreseen, the negligent act does not give rise to liability.

The rise of sudden and violent winds causing the spread of fire has been held to constitute such efficient intervening cause and to displace the negligent act as the proximate cause. *Pennsylvania Co. v. Whitlock* (Ind.), 50 Am. Rep. 71; *Sweeney v. Merrill,* (Kan.), 5 Am. St. Rep. 734; *Marvin v. Railroad Co.* (Wis.), 45 Am. & Eng. Ry. Cas. 540; *Fent v. Railway Co.* (Ill.), 14 Am. Rep. 13; *Kansas Pac. Ry. Co. v. Butts,* 7 Kan. 308, 2 Am. Ry. Rep. 477.

The act of section hands, who are not boarded by the railway company but provide their own meals, in kindling a fire to warm their food is not the act of the railway company for which it is responsible. In so doing, they are for the time being acting for themselves and as their own masters and exclusively

pursuing their own ends.    *Morier v. Railroad Co.* (Minn.), 15 Am. & Eng. Ry. Cas. 135.

*Wells & Wells,* for appellee.

The verdict was not excessive; it awards one and one-half dollars for each fruit tree destroyed, when the evidence showed them to be worth from one to four dollars each.

The evidence, stating the case strongest for appellant, was conflicting as to whether the negligence of the section foreman and the laborers under him in setting out the fire and failing to control it, or the supposed sudden wind was the proximate cause of plaintiff's injuries and the verdict settled the conflict in the plaintiff's favor.    In truth, however, there was not sufficient evidence of a sudden wind to support such a defense.

The instruction, the refusal of which is complained of by appellant's attorneys was properly refused.    This will be made manifest by the application of previous decisions of this court to the case.    *Mobile, etc., R. Co. v. Stinson,* 74 Miss. 457, 458; *Brister v. Illinois, etc., R. Co.,* 84 Miss. 40.

ANDERSON, J. (after stating the facts as above) delivered the opinion of the court.

There was no error in refusing instruction No. 1 for the defendant, because not applicable to the facts of this case.    This instruction was asked on the authority of *Morier v. Railway Co.,* 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793.    In that case the court held that the railroad company was not responsible for the fire which destroyed the property of the plaintiff, set out by the section hands for the purpose of warming their food, because in so doing they were not engaged about the master's business.    They were acting without the scope of their authority, and pursuing their own private ends.    In that case the court used this language: "Nor is there any evidence that it was the duty of these section men to exercise any supervision over the right of way, or to extinguish fires that might be set out on it.    So far as the evidence goes, their employment was

exclusively in repairing the railroad track." The instant case is clearly distinguishable from that. Here it was the duty of the section master to supervise the right of way, keep it in proper condition so that fires would not extend from it to the property of others, and extinguish such fires when set out. The record in this case sufficiently shows such to be among his duties; and, if it did not, it is a matter of common knowledge, of which the court will take judicial notice. In *Railroad Co. v. Slinson,* 74 Miss. 453, 21 South. 14, 522, the court held: "And as to the scope of that agency [referring to the section master] we will employ that common knowledge possessed by mankind generally in ascertaining whether it was his duty to look after and clear off the company's right of way. We take knowledge of the fact that it was his duty to keep the track and right of way in proper condition." So that, in setting out the fire and in failing to extinguish it, even though it was done for their own private purposes, the section foreman and hands were acting within the scope of their authority. They were engaged about the business of their master. They were required not to do the very thing they did do, if dangerous to the property of others.

There was no error in refusing the peremptory instruction. It is contended that no negligence was shown; that the act of the section crew in setting out the fire was shown not to have been the proximate cause of its spreading to plaintiff's orchard; but the sudden springing up of the wind was shown to have been the intervening efficient cause, and, therefore, the court should have directed the jury to find for the defendant. In view of the condition of the right of way at this point, taken in connection with the other facts and circumstances shown, there was sufficient evidence to go to the jury on this question.

It cannot be said that the verdict was excessive. The jury allowed the plaintiff about $1.50 per tree. The testimony shows that they were worth from $1 to $4 apiece.

*Affirmed.*