GLOSTER LUMBER CO. ET AL. *v.* WILKINSON.

[79 South. 97, Division B.]

1-. CORPORATIONS. *Agents. Personal liability.*

A corporation must of course act through its agents, and it must respond in damages for any injury inflicted by its officers and agents acting within the scope of their duties, but the mere fact that the corporation itself is liable in nowise exempts its officers and agents from personal liability for positive wrongdoing.

2. SAME.

The agents of a corporation who set out fire which burned plaintiff's property were personally liable, if negligent.

3. FIRE. *Setting fire. Right to damages. Penalty.*

Under Code 1906, section 4988, (Hemingway's Code, section 3257), imposing a penalty for setting out fire negligently, where one was damaged by fire so set, he can recover in one action both for actual damages and for the penalty.

APPEAL from the circuit court of Amite county.

HON. R. E. JACKSON, JR., Judge.

Suit by Z. J. Williamson against the Gloster Lumber Company, and others. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. T. Lowery,* for appellants.

*C. T. Gordon,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellee, as plaintiff in the court below, instituted this action for damages against appellant, Gloster Lumber Company, a corporation owning and operating a sawmill and logging ralroad, and against W. J. Allen, woods superintendent, J. S. Ball, team foreman, and Clyde Webb, the section foreman of the said corporation. It is charged in the declaration that the defendant corporation, acting through its said officers and agents, willfully and wantonly set fire to and burned over about fifty acres of woods land, the property of the plaintiff, and destroyed many of the small trees and much of the undergrowth and grasses, and injured the soil of the land, to the alleged damage of the plaintiff in the sum of three hundred dollars. By a second count in the declaration the plaintiff claims the statutory penalty of one hundred and fifty dollars. The defendants interposed the plea of general issue, and gave notice of an alleged mutual agreement, by the terms of which it is averred that plaintiff consented that the woods should be burned off before the locomotive of the defendant corporation should begin to operate along the track, which the defendant had constructed across said lands and through said woods. On the trial of the case there was proof tending to show that the parties discussed the advisability of burning off the woods some months prior to June, 1916, the month in which the woods were actually burned, but the testimony for the plaintiff tended to show that there was no agreement to burn the woods in June, and especially without notice to the plaintiff. The defendants did not deny the actual burning of the woods; the only issue was whether the plaintiff consented. It appears that the woods super-

intendent, directed that a small strip of woods immediately adjacent to the right of way should be burned off, and the section foreman, acting under instructions from the general superintendent, took the section hands and did the work. The fire however, crossed over and beyond the strip which the defendants attempted to burn, and damaged a large portion of the plaintiff's premises. There was a verdict for the plaintiff in the sum of one hundred and twenty-five dollars, and from the judgment based thereon the defendants prosecute this appeal.

Two points are argued on appeal: First, that there should have been a peremptory instruction in favor of the officers and agents of the corporation; and, second, that the verdict is excessive. At the conclusion of the testimony the court directed a verdict in favor of J. S. Ball, the team foreman, but overruled an application for a peremptory charge in favor of Mr. Allen, the general woods superintendent, and Mr. Webb, the section foreman. It is contended that the act of the officers and agents of the corporation were, on the occasion complained of, the acts of the corporation itself, and that the defendants Allen and Webb are not personally liable. There is no merit whatever in this contention. This is an action against all of the defendants as joint tort-feasers. Upon the same principle that there is no agency in the commission of a misdemeanor, an agent of a corporation or of an individual cannot be authorized or licensed to commit a tort. As said by the supreme court of Tennessee in *Nunnelly* v. *Southern Iron Co.,* 94 Tenn. 397, 29 S. W. 361, 28 L. R. A. 421:

"If the agent of a corporation or of an individual commits a tort, the agent is clearly liable for the same; and it matters not what liability may attach to the principal for the tort, the agent must respond in damages if called upon to do so. This principle is absolutely without exception, is founded upon the sound-

est legal analogies, and the wisest public policy. It is sanctioned by both reason and justice, and commends itself to every enlightened conscience. To permit an agent of a corporation, in carrying on its business, to inflict wrong and injuries upon others, and then shield himself from liability behind his vicarious character, would often both sanction and encourage the perpetration of flagrant and wanton injuries by agents of insolvent and irresponsible corporations. It would serve to stimulate the zeal of responsible and solvent agents of irresponsible and insolvent corporations in their efforts to repair the shattered fortunes of their failing principals upon the ruins of the rights of others.''

The proof in the case at bar justifies the jury in finding that Allen and Webb were active participants. A corporation must, of course, act through its agents, and it must respond in damages for any injury inflicted by its officers and agents acting within the scope of their duties. But the mere fact that the corporation itself is liable in no wise exempts its officers and agents from personal liability for positive wrongdoing. There is a vast difference between nonfeasance, or mere omission of duty by the agent of a corporation, and misfeasance, or positive acts of wrongdoing. This distinction was made clear by our court in *Feltus* v. *Swan*, 62 Miss. 415. The testimony justified the conclusion that the defendants violated our statute against setting out fire (section 4988, Code of 1906, section 3257, Hemingway's Code), and they may well have congratulated themselves that the jury did not impose the statutory penalty. All must know that fire is a dangerous and destructive agency. For this reason the public policy of our state condemns the willful, reckless, or unlawful setting out of fire, and the statute declares that any person who shall set on fire any lands of another, or shall wantonly or negligently or carelessly allow any fire to get on the lands of another, shall be liable, not only for all actual damages, but

for a statutory penalty of one hundred and fifty dollars in favor of the owner of the premises.   Under this statute the owner may sue for actual and statutory damages in one proceeding.   *Gilchrist-Fordney Co.* v. *Parker,* 109 Miss. 445, 69 So. 290.   Upon the liability of an officer of a corporation for its torts, many cases are found in the note to *Nunnelly* v. *Southern Iron Company, supra;* and for the liability of a servant or agent generally for a trespass or wrongdoing there is a further instructive note to the case of *Hodgson* v. *St. Paul Power Co.,* 50 L. R. A. 644.   But the principle upon which liability is here based is elementary, and the conclusion reached by the learned trial court needs no reference to the many authorities which might be collated to the point.   The most learned lawyer could not pen a charter successfully licensing trespass or wrongdoing, and especially the willful burning of another's property, and no officer or agent can find shelter under any such charter of his principal.

We cannot say that the verdict is excessive.

*Affirmed.*