## MOBILE AND OHIO RAILROAD CO. v. J. D. KEITH.

Western Section.   July 1, 1927.

Petition for Certiorari denied by Supreme Court, January 21, 1928.

1. **Railroads.  Evidence.  Evidence held sufficient to show fire set out by employees of the railroad caused plaintiff's damages.**
    In an action to recover for the loss of buildings destroyed by fire alleged to have been set out by the railroad, where the evidence showed that the section hands had been burning off the right-of-way and there was evidence to show a continuous passage of the fire from the right-of-way to plaintiff's property, held that there was sufficient evidence to show that the fire set out by the employees of the railroad company caused plaintiff's loss.

2. **Evidence.  Photographs of other buildings not admissible as tending to show the value of a building destroyed.**
    In an action to recover for the value of a building destroyed by fire alleged to have been set out by the railroad, where the plaintiff offered in evidence photographs of other buildings on the same property as the one destroyed, held that such photographs were not admissible, for they in no way tended to prove the value of the building destroyed.

3. **Witnesses.  Impeachment.  A witness can not be impeached until a foundation is laid for the impeachment.**
    In order to impeach a witness by proving that he made statements out of court contrary to those testified to in court, the time, place and person to whom the declarations were made must be stated, and also the words, or their substance.

4. **Damages.  Evidence.  In giving an estimate of the value of a building the witness may take into consideration the cost of replacing it.**
    In an action to recover for the loss of a building destroyed by fire where the witnesses in giving their estimate of the value of the building destroyed mentioned the cost of replacing it, held that the witnesses in giving their opinion as to the value of the building, had a right to take into consideration the income of the property; its construction; its age; its deterioration, and also cost of replacing.  This was what they did in testifying as to the value of the property destroyed.

5. **Appeal and error.  When urging the refusal to give special instruction as error the instruction must be set out in the motion for new trial.**
    Where the motion for new trial simply alleged error for failure to give special instructions and did not set out the special instruction, held that the Appellate Court would not consider the assignments of error on appeal.

6. **Damages.  Evidence.  Evidence held sufficient to sustain verdict.**
    Evidence held sufficient to sustain a judgment for $1000 for loss of plaintiff's building by fire.

Appeal in Error from Circuit Court, Madison County; Hon. R. B. Baptist, Judge.

Affirmed.

Bond & Bond, of Jackson, for plaintiff in error.

C. E. Pigford, of Jackson, for defendant in error.

OWEN, J. The defendant, the Mobile and Ohio Railroad Company, has appealed from a judgment rendered against it in the circuit court of Madison county in the sum of $1,000 as damages for the alleged burning of a tenant house, consisting of four rooms, porches, etc.; certain shade trees and fruit trees, fence rails and a smokehouse belonging to plaintiff and located on his farm near defendant's right-of-way a few miles south of Jackson.

Hereafter, the parties will be designated as they were in the court below—J. D. Keith, plaintiff, and the Mobile and Ohio Railroad Company, defendant.

There were two counts to plaintiff's declaration, the first count charged that on the 19th day of September, 1925 the defendant, through its servants and employees, in the clearing of its right-of-way, negligently, carelessly and recklessly set fire to dry and highly combustible weeds and grass which grew along and was located on the right-of-way of the defendant, and negligently, carelessly and recklessly failed and refused to extinguish and stop said fire, and it spread on plaintiff's land and destroyed the tenant house, etc.

The second count, in addition to the charges made in the first count, averred that the defendant negligently permitted the fire to burn and spread and to gain such headway that it soon extended to and consumed the tenant house and other improvements located on the plaintiff's farm, and to his damage in the sum of $2,000.

The defendant filed a plea of not guilty, and also a plea that it was not indebted to plaintiff in any sum.

The cause was heard before the Circuit Judge and a jury on the 9th of October, 1926, and resulted in a verdict for the plaintiff for the amount heretofore stated. A motion was seasonably filed for a new trial, which was overruled and disallowed, and an appeal prayed and granted to this court where the defendant has assigned seven errors.

We should have stated that there was a motion for a directed verdict at the conclusion of all the testimony, which motion was overruled.

The errors in this court raise the proposition that there is no evidence to sustain the judgment of the lower court; that defendant's motion for a directed verdict should have been sustained; that the verdict is excessive; that the court erred in refusing seven special requests offered by the defendant at the conclusion of the charge of the court; that the court was in error in permitting incompetent testimony to go to the jury as to the measure of damages relative to the house claimed to have been burned; that the court was in error in excluding some photographs the defendant offered, showing the condition of a barn and a crib and other outhouses which were not destroyed by the fire. There are also assignments of error that the court erred in his charge to the jury.

Counsel for defendant relies upon the following authorities in support of its assignments of error:

"1. If the proof fails to show that the employees set out the fire, there was no legal obligation on them to put it out.

"2. That if they did set the fire out the law only required that they should exercise ordinary care and caution to put it out and prevent it spreading.

"No presumption of negligence arises against the railroad company that the fire originated on its right-of-way or that it was negligent in setting out the fire or in permitting it to spread.

"Nor is there any presumption that the employees negligently set out the fire or negligently failed to put it out. The plaintiff must carry the burden in both instances and prove by the preponderance of the evidence that the fire was negligently set out and that it was negligently permitted to spread. Weeks v. McNulty, 101 Tenn., 495, 499, 500; Railroad v. Manchester Mills, 88 Tenn., 653-9; Noel Co. v. Schuur, 140 Tenn., 245-246; Mahaffey v. Bumbarger Lbr. Co., 8 L. R. A. (N. S.), 1263; Cobb v. Twitchell, 45 A. L. R., 865, and notes; Railroad v. Jensen, 283 S. W. 596; Orander v. Stafford, 42 A. L. R., 780."

Counsel for plaintiff relies upon the following authorities:

"Railroad has right to burn grass and other combustible material on right-of-way but it is bound at its peril to keep such fire within its own limits.

"A railroad company has the right to set fire to and burn the dry grass and other combustible material on its right-of-way, but it has been held it is bound at its peril to keep such fire within its own limits. Indiana, etc., V. Co. v. Overman, 110 Ind., 538; 29 Am. & Eng. R. Cas., 161; 13 Am. & Eng. Enc. Law, 2 Ed. p. 464; Hewey v. Nourse, 54 Me., 256.

"At common law, as well as under some statutes, one who wilfully and intentionally sets a fire is civilly liable in damages for all the consequences which may directly or naturally result from it. 26 C. J., 584; Bizzell v. Booker, 16 Ark., 308; Johnson v. Barber, 10 Ill., 425, 50 Am., 416; Gloster Lumber Co. v. Willkinson, 118 Miss., 289, 79 S., 96.

"The decided weight of authority and of reason is in favor of holding that, the origin of the fire being fixed upon the railroad company, it is presumptively chargeable with negligence, and must assume the burden of proving that it had used all precautions for confining the fire commensurate with the danger. 42 L. R. A. (N. S.) 764; Hardy v. Hines Bros. Lbr. Co.; 2 Shearman & Redfield on Negligence, sec. 676.

"Where a person makes a fire for necessary purposes near grounds of another but negligently leaves it with combustible material about it, and the fire spreads and destroys adjacent property, the party

building the fire is liable for the resulting damage. Cleland v. Thornton, 43 Cal., 437.

. .· . . . . .

"Where a railroad company in a season of great drought set out a fire for the purpose of consuming the combustibles on its right-of-way, which extended over beds of turf or peat, the same substance forming the surface of the body of adjoining lands, it was deemed guilty of negligence. 13 Am. & Eng. Enc. Law, 2 Ed., 463; Louisville, etc., R. Co. v. Nitsche, 22 Am. St. Rep., 582; Mobile, etc., R. Co. v. Stinson, 74 Miss., 453.

"The owner of property on which an accidental fire starts is liable for damage occasioned by its spread to other property, if it starts because of his negligent act, or by reason of the negligence of his employee acting within the scope of his duties. Standard Oil Co. v. Swan, 89 Tenn., 434.

"A person who purposely kindles a fire on his premises for a lawful purpose is liable for damage caused by the spread of the fire, where he was negligent either in kindling the fire or in managing it. 45 A. L. R., 872; Indiana I. & I. R. Co. v. Hawkins, 81 Ill. App., 570; Brummit v. Furness, 1 Ind. App., 401, 50 Am. St. Rep., 215; Mobile & O. R. Co. v. Stinson, 74 Miss., 453, 21 So,. 14, 522.

"It is not necessary to establish negligence in both setting the fire and permitting it to spread. Brummit v. Furness 1 Ind. App., 401, 50 Am. St. Rep., 215; Hewey v. Nourse, 54 Me., 256.

"A person negligently setting out a fire on his own premises or negligently permitting it to escape, is liable, and it is not necessary to show gross negligence. Cobb v. Twitchell, 45 A. L. R. (Fla.), 872; Hanlon v. Ingram, 1 Iowa, 108.

"A party has a right to clear his land at any time, provided he did not injure his neighbor in doing it, but that in dry weather he was bound to exercise prudence and discretion in setting fire in his clearing, and, if he did so rashly and inconsiderately, in a place where, and at a time when, it was likely to injure his neighbor, and it did injure him, that he would be liable for the damage. 45 A. L. R., 876; Wilkins v. Row, 15 U. C. C. P., 325.

"Railroad's failure to extinguish fire on its right-of-way of which it was aware, is negligence even though it did not set out the fire. 45 L. R. A. (N. S.), 215; Farrell v. Minneapolis & R. R. Co., 121 Minn., 357."

The facts, briefly stated, as shown by the transcript, are as follows: On Saturday, September 19, 1925, the defendant railroad company was burning off its right-of-way in the southern portion of Madison county. The plaintiff owned a farm adjoining the defendant's right-of-way. On this farm he had tenant houses, outhouses, fences, fruit trees, etc. One of his tenant houses was occupied by a tenant by the name of Thad Bingham. The proof shows that at this date the right-

of-way was very dry. Weeds and grass had grown on the right-of-way, and bushes, and some of the witnesses stated that the weeds and grass were "as dry as a bone." Thad Bingham was returning to his house from his work in the field about three or four o'clock in the afternoon of September 19, 1925 and he noticed a fire on the railroad right-of-way while in his field. He testified that he saw the section hands with motor cars and bush hatchets, cutting off the right-of-way and burning the grass, weeds and bushes cut therefrom. At the time he noticed the section hands engaged in the clearing and burning of the right-of-way they were some five or six hundred yards south of a public highway known as Harts Bridge road. They were also just south of a country road which crossed the railroad between them and Harts Bridge road. This was near plaintiff's land. Bingham lived about four or five hundred yards west of the railroad. About night this witness discovered that the fire had left the railroad right-of-way and burned in a westernly direction, entering some woods and timber; that it had then burned north until it reached a site where a sawmill had formerly been located; that there was a large pile of lumber at this sawmill sit, which was destroyed by this fire; that the fire followed a worm or rail fence until it reached the plaintiff's premises. The house that was destroyed was unoccupied at the time of the fire, the last occupants having moved out about a month before. The witness Bingham had some trouble saving his own house. He testified he tried to save plaintiff's house, but the heat from the pile of lumber was too great, and this witness could not render any assistance towards saving said house and plaintiff's other property. It appears that this fire destroyed other property and was probably not extinguished until Tuesday night, or on Wednesday after it had started on Saturday afternoon.

The plaintiff learned of his property being destroyed on Tuesday. He visited the scene of the burning and he and other witnesses testified that the course of the fire could be seen. It was plain, unbroken and continuous from the railroad right-of-way where Bingham, the witness, fixed as the place at which he saw the fire on Saturday afternoon, and which was then under the supervision of the section foremen and their crew.

The section foremen, Dowdy and Melton, who had charge of the burning off of the right-of-way, testified that they put out' all of the fire; that they carried water and used other means to put it out, but it was admitted by one of these witnesses that the fire had gotten away from the right-of-way and into the field when he put it out; that they put it out about four-thirty on Saturday afternoon.

We are of opinion that there is evidence to show that the fire was placed on the right-of-way by the employees, or servants of the de-

fendant, and that they left the right-of-way before the fire was actually out; that it spread and caused the damage testified to by the witnesses, and we find evidence to sustain the jury and the court was not in error in overruling defendant's motion for a directed verdict.

By defendant's fifth assignment of error it is insisted that the court erred in excluding two photographs of a stable and outhouse alleged to have been on plaintiff's farm. These photographs show that the two buildings were in a very dilapidated condition, but no claim was being made for damages to these two buildings. The photograph was made many months after the fire, and the condition of the stable or outbuildings, crib, or whatever it is, would throw no light upon the value and condition of the houses destroyed. A man might have a valuable home which could be destroyed by fire and might at the same time have a worthless shack for a henhouse or a stable. We are of opinion that the court properly excluded these two photographs. They were irrelevant and immaterial and could throw no light upon the issues that were being submitted to the jury. The fifth assignment is overruled.

The sixth assignment complains of the court excluding the testimony of the witness Hopper. Hopper was asked if some negro who was a tenant of one Avery had not moved out of the house that was destroyed because it was unfit for occupancy. Avery had had the premises rented from the plaintiff Keith. Avery had been asked if his help or hired man who occupied the house hadn't moved out, and he denied that there had been any complaint. This was his response to the cross-examination. He testified that no one had made any complainant to him. It was sought to impeach Avery by the witness Hopper. We are of opinion that it was immaterial as to any complainants the tenant of Avery might make. It is not insisted that the parties occupying the premises complained to Keith, and no ground was laid in the cross-examination of Avery, whereby Hopper's testimony would be competent to impeach Avery. In order to impeach a witness by proving that he made statements out of court contrary to those testified to in court, the time, place and person to whom the declarations were made must be stated, and also the words, or their substance. Cole v. State, 6 Bax., 293; Railroad Co. v. McMillan 130 Tenn., 490. It results that the sixth assignment of error is overruled.

It is next insisted that the court committed error in permitting the plaintiff to prove the value of the premises destroyed, in the manner in which it was proven. Some of the witnesses testified relative to the value of the house destroyed; that it would cost from $1800 to $2500 to build a new house; others testified that it would cost from $1,000 to $1200 to build it new. It is insisted that this error

for the reason that the measure of damages, if any, would be the reasonable market value of the property burned at the date of the burning, and it was error in the court permitting witnesses to state what, in their opinion, it would cost to build the house new. The witnesses were simply stating what it would cost to build the house new, in giving their reasons for arriving at the opinion as to the value of the property when destroyed. The court did not use the word "cost" in his charge, but instructed the jury, if it found in favor of the plaintiff to look to the evidence to see what was the reasonable market value of the property destroyed. We are of opinion that the witnesses in giving their opinion as to the value of the building, had a right to take into consideration the income of the property; its construction; its age; its deterioration, and also cost of replacing. This was what they did in testifying as to the value of the property destroyed.

In the case of Memphis v. Kimbrough, 12 Heisk., 133, it was held that it was not error to permit the jury to look to the cost of a boat that was destroyed as one circumstance to aid, in connection with others, in determining its value. This was done in the instant case, and it results that this assignment is overruled.

The second assignment of error insists that the court erred in refusing to give in charge to the jury the seven special requests of the defendant, which requests were presented after the court had given the general charge and before the jury retired. It is insisted that the court was in error in refusing to give in charge to the jury either of the seven special requests of the defendant. The special requests are then set out, the first being that the jury should be instructed to return a verdict for the defendant. This had already been presented to the court and overruled before he charged the jury.

This assignment is challenged by counsel for plaintiff, because the defendant did not specifically set out in its motion for new trial the seven special requests. The court's refusal to grant said special requests is made the fourth ground of said motion. It is insisted that this assignment of error is in violation of the rules of the circuit court of Madison county, which rules are set forth at page 116 of the transcript, and provide that all motions for new trail must be in writing, set out specifically the grounds on which a new trial is asked, and no other motion for new trial will be considered by the court; and that the rules of this court, as found on page 815 of 151 Tenn., provides that, "refusal to give further instructions will not constitute grounds for a reversal, unless it affirmatively appears that the same were specifically stated in the motion for a new trial in the lower court, but will be treated as waived."

This court will not search the record at large to find errors, for the presumption is that the judgment of the lower court is correct, and the burden is on the appellant specifically to point out the errors complained of, and to affirmatively show that they exist. Jacks v. Lumber Co., 125 Tenn., 128; 140 S. W., 1066.

The statement of grounds in the motion for a new trial must be sufficient to direct the attention of the court and opposing counsel to the error or irregularity relied upon to vitiate the verdict, and should be as specific and certain as the nature of the error complained of will permit. The court erred in refusing the special instructions asked for by the defendant are insufficient, and failing to set out the instructions where there is a rule of the circuit court requiring all grounds for a new trial to be stated and set out separately in the written motion, and entered on the minutes of the court, and providing that all errors not so set out are presumed to be waived. Railroad v. Johnson, 114 Tenn., 636; 88 S. W. 169.

However, we have read all of the special requests offered, and it was not error in the court below to decline all of them. They are either not correct statements of the law or are in substance covered by the charge of the court. We have carefully examined the charge of the court and find no reversible error therein. The assignments of error complaining of the court's charge and the failure to give the special requests are overruled and disallowed.

On the question of the verdict being excessive, we find material evidence that sustains the verdict of the jury. The tenant house destroyed was of four rooms and front and back porches. The two front rooms were of hewn logs and this part of the building had been erected for many years, but the logs were in good state of preservation. Outside of the hewn logs the house was boxed and the rooms were ceiled on the inside. The "L" consisted of two box rooms, which had been constructed only a few years. The roof was of cypress and in good condition. The majority of the witnesses placed the value of this building from $800 to $1,000. There was some proof that fixed the value of the building at $200, while some of the witnesses stated the value to be $1500. We are of opinion that the building was worth from $800 to $1,000. There is proof to show that about eighteen fruit trees and cedar trees destroyed, which were worth $5 each. The smokehouse was worth about $100, and there were about three thousand rails burned, which the proof shows was worth from $200 to $300. This assignment, that the verdict is excessive, is overruled.

It results that all of the assignments of error are overruled. There is no reversible error in the judgment of the lower court and it is affirmed. The plaintiff will recover of the defendant the amount of the judgment rendered in the lower court, with interest thereon from

the date of its rendition, and the cost of the cause, for which execution will issue. Execution will issue against the defendant and its surety on appeal bond for the cost of the appeal.

Heiskell and Senter, JJ., concur.