# McCain *v.* Wade.

(Division B. May 2, 1938.)

[180 So. 748. No. 33193.]

W. J. Evans, of Calhoun City, and W. I. Stone, of Coffeeville, for appellant.

Patterson & Patterson, of Calhoun City, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant brought an action against appellee under section 3422, Code 1930, charging that appellee, through her agents and employees, set out fire on lands of which

appellant was the lawful lessee in possession, and negligently and carelessly allowed the fire to burn the hay of appellant then cut and stacked on said land.

The burning is alleged to have occurred on Saturday afternoon, November 11, 1933. It is not shown when the declaration was filed, but the summons was issued on February 23, 1934. The case was not tried until September 27, 1937, more than three years after the institution of the action, and approximately four years after the injury complained of. Details of the facts are of essential importance in a case of this kind, as in most cases; and, naturally, such details in such a length of time would become obscure in the memory of the witnesses, as this record sufficiently discloses was the case here.

It is not shown why, within all this time, the case was not earlier tried, or otherwise disposed of. The presumption is that it was continued from term to time by consent, else it would have been dismissed under section 667, Code 1930. It is true that the demand involved only a little more than $200, but if an action is worth instituting, it is worth trying; and if either, it is worth trying promptly, for when tried it should, of course, be carefully and adequately presented. But there can be no adequacy of presentation when, because of an unreasonable lapse of time, the witnesses do not, and naturally cannot, adequately remember. Such a delayed trial in many, if not most, cases whatever the result, leaves at last a regretful doubt whether actual justice has been done—or, rather, produces doubt whether if more promptly and thereby the more adequately presented, the justice of the case might more clearly have appeared, for one side or the other.

At the close of plaintiff's evidence the court sustained a motion to exclude it, and thereupon gave judgment for the defendant. Appellant insists that there was enough in the evidence to require its submission to the jury, invoking the familiar rule that in excluding the evidence of a party litigant everything in that evidence, and every

reasonable inference to be drawn therefrom, in favor of said party, must be taken as truthful proof in his behalf. But in this class of cases, as in other actions in tort, the plaintiff must show with fair or reasonable certainty or definiteness that the party charged is the party actually responsible for the wrong. It is not enough that this shall be left to conjecture or to inferences so loose as that it cannot be dependably told where conjecture ceases and cogent inference begins.

We have repeatedly read this record through and through, and from what we can see, all that the jury could have done would have been to make an unsafe guess as to whether the fire that burned the hay had its origin in one set out by defendant's husband and agent, or whether from fires set out by one Wortham or his co-workers not in the employ of defendant—so far as any real proof is concerned—or whether from other sources, it being shown that fires were at several points in that immediate vicinity. As we have already indicated, the evidence is obscure in cogency and in probative detail. And thus, had the jury made the guess that the fire had its origin in the one set out by defendant's husband, it would not have had the support of that substantial character of definite evidence which is necessary to maintain the affirmative of an issue, such as here involved, which, as we have said, is required to be proved with a reasonable degree of certainty.

The action of the trial judge is presumed to be correct, and we cannot say from this record that his judgment was clearly or manifestly wrong.

Affirmed.