# ROBINSON *v.* TURFITT.

(In Banc. Dec. 8, 1941. Suggestion of Error Overruled Jan. 26, 1942.)

[4 So. (2d) 884. No. 34724.]

Gordon & Gordon, of Liberty, and Jones & Stockett, of Woodville, for appellant.

Clay B. Tucker and Maxwell Bramlette, both of Woodville, for appellee.

Argued orally by **P. M. Stockett** and **C. T. Gordon,** for appellant, and by **Clay B. Tucker,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

Turfitt, plaintiff below and appellee here, averred in his declaration that Robinson, defendant below and appellant here, through his employees and servants, while clearing farm lands of Robinson, set a fire on said lands, and "wantonly, negligently and carelessly allowed the fire so set . . ." to spread to the adjoining lands of Turfitt, thereby causing the damage for which the action was brought, and for which a verdict and judgment were rendered against Robinson. Section 3422, Code of 1930.

Robinson, by his plea, placed upon Turfitt the burden of proving (1) that the servants of Robinson did, in fact, start the fire, and negligently permitted it to spread to the premises of Turfitt, causing the damage, and (2) that they were acting within the scope of their employment and about the master's business at the time.

Robinson earnestly insisted in the lower court and so insists here that Turfitt did not meet that burden and that the evidence was not sufficient to go to the jury on these questions. These are close questions on this record under the pronouncements of this Court in McCain v. Wade, 181 Miss. 664, 180 So. 748, although we would not reverse the finding of the jury upon them. However, in that state of the proof plaintiff, over the objection of the defendant, was permitted to introduce evidence of three witnesses to the effect that there was a custom, more or less general, of farmers "in that country," or, as another stated it, "out there," to burn ditches, fence rows, stalks, etc., in preparing their lands for planting. There being much doubt whether plaintiff had proved the essential facts of his case, it can be readily seen that this testimony might have had, and very likely did have, much weight with the jury in finding that the defendant was guilty of the acts alleged in the declaration. It is true

that evidence of custom and usage is admissible in certain classes of cases, but the courts recognize the danger of such evidence and do not look upon it with favor, and, to be admissible in those cases, its relevancy and probative value must be clearly shown. 20 Am. Jur., p. 310, section 333. It is said in 25 C. J. S., Customs and Usages, p. 94, section 17, "Customs and usages are strictly construed and nothing will be held to be within them which it is not proved that they cover." If the evidence had any probative value whatever in this case, it was limited to proving the probability that appellant was also in the habit of burning his premises. It is doubtful if it even had this relevancy, because, although others might have burned their premises, this was really no proof that appellant burned his. But the gravamen of this action is negligence in permitting the fire to spread, and, if so, whether those so permitting were agents of appellant. Appellant had a right to burn his premises. This proof had no bearing whatever on agency or negligence. There was no proof, had it been relevant, of the customarily proper manner of burning, or that it was done in person or through servants. The danger of the testimony in this case is the inference the jury might have drawn that the mere burning by others was proof of negligent burning by appellant. In other words, that burning was the equivalent of the necessary guilt.

Our attention has not been called to any Mississippi case in point. In Bonnett v. Brown, 155 Miss. 833, 125 So. 427, there was an effort to prove a general custom of permitting livestock to run at large upon the range in a county within the stock law, which the court held was inadmissible.

Pulsifer v. Berry et al., 87 Me. 405, 32 A. 986, 988, was an action to recover damages for injury to trees of plaintiff alleged to have been caused by the negligence of defendants in omitting to take proper precautions to prevent the spreading of fires kindled by them on lands in their possession while constructing a railroad. Com-

menting on the competency of. evidence of custom and usage to show the usual and proper manner of such burnings, the court used language peculiarly applicable to the case at bar. It said:

"The gist of the action was negligence. It was a simple question of fact, for the jury to determine, whether, under the particular circumstances and conditions shown to exist in the case, the defendants had omitted any precautions which ordinarily careful and prudent men in the same relation would not have omitted, or performed any acts which ordinarily prudent men would not have performed. Even if a general usage could ever be deemed a safe criterion of a question of ordinary care, such a limited usage as that received in this case would not be material evidence.

"It is impossible, in the first place, that there should be any uniform practice or fixed standard of care with respect to a duty so peculiarly dependent upon varying circumstances and conditions as that of guarding fire to prevent its spreading. The number and magnitude of the fires, the condition of the soil, the state of the weather, the direction and force of the wind, and the relative situation and exposure of the plaintiff's property would all be factors to be considered in the solution of the question in every case. . . . But not even a general custom can be deemed a relevant fact in an action for negligence respecting any noncontractual duty which is not performed under fixed. conditions."

The evidence of custom in this case could only produce confusion and could not have failed to affect the verdict of the jury upon questions to which this evidence had no relevancy.

Reversed and remanded.

**Smith, C. J.,** is of the opinion that the judgment of the court below should be affirmed.