WOFFORD, et al. *v.* JOHNSON

No. 43083 May 25, 1964 164 So. 2d 458

(1)

*John T. Keeton, Jr.,* Grenada, for appellants.

*William O. Semmes, Bradford J. Dye,* Grenada, for appellee.

ETHRIDGE, J.

This is a suit in tort for damages for the negligently permitted spread of a fire to plaintiffs' land purposely and lawfully kindled by defendant on his land. George and Grace Wofford, appellants, brought the action in the Circuit Court of Grenada County against W. T. Johnson, appellee. The trial court's judgment for defendant was based on a jury verdict. We hold the verdict is against the overwhelming weight of the evidence, and reverse and remand the case for a new trial.

The pertinent statute is Mississippi Code 1942, Rec., Section 1086: "If any person shall set on fire any lands of another, or shall wantonly, negligently, or carelessly allow·any fire to get into the lands of another, he shall be liable to the person injured thereby, not only for the injury to or destruction of buildings, fences, and the like, but for the burning and injury of trees, timber, and grass, and damage to the range as well; and shall moreover be liable to a penalty of one hundred and fifty dollars in favor of the owner."

██ █ A preliminary examination of the pertinent law will clarify the question involved in the instant case. Where an owner of property.sets out fire on his own premises for a lawful purpose, he is not liable for damage caused by the spread of the fire to the property of another, unless he was negligent in starting or not controlling it. Conversely, one who kindles a fire on his premises for a lawful purpose is liable for damages caused by its spread, if he is negligent either in kindling or managing the fire. Mobile & O. R. R. Company v. Stinson, 74 Miss. 453, 21 So. 14, 522 (1896); Robinson v. Turfitt, 192 Miss. 160, 4 So. 2d 844 (1941); 22 Am. Jur., Fires, § 15. ██ █ The measure of diligence required of such an owner is ordinary care, which is such care, caution, and diligence as a prudent and reasonable man would exercise, under the circumstances, to prevent damage to others. ██ █ This depends upon the circumstances and is generally a question of fact. 22 Am. Jur., Fires, § 16; Anno., Liability for Spread of Fire Purposely and Lawfully Kindled, 24 A. L. R. 2d 241, 254 et seq. (1952); see also 36A C. J. S., Fires, §§ 11 et seq.

██ █ In short, one who sets a fire on his own premises, even for a lawful purpose, is liable for damages occasioned by the communication of the fire to the property or premises of another, where he has been guilty of negligence in kindling the fire, or in guarding against

its spread. He has a duty to use ordinary and reasonable care to prevent injury to others from the fire. Such care must be used in setting the fire, and in keeping it or preventing its spread. It is commensurate with the danger reasonably to be anticipated, and is dependent on the circumstances of the particular case. For example, one is not at liberty to kindle fire, when because of the time, manner, or circumstances it appears probable that damage to others will result, such as setting it at a dry time or when the wind is strong, or without guarding it sufficiently to prevent its spreading.

Section 1086 provides for liability under these statutes, for a person who "wantonly, negligently, or carelessly allows any fire to get into the lands of another." 65 C. J. S., Negligence, § 72. The statute has been applied to negligence in failing to keep a fire from spreading to adjoining lands. Mobile & O. R. R. Co. v. Stinson, 74 Miss. 453, 21 So. 14, 522 (1896); Gloster Lbr. Co. v. Wilkinson, 118 Miss. 289, 79 So. 97 (1918); Robinson v. Turfitt, 192 Miss. 160, 4 So. 2d 884 (1941); Wilson v. Yazoo and M. V. R. R. Co., 192 Miss. 424, 6 So. 2d 313 (1942); Gabbert v. Treadaway, 194 Miss. 435, 13 So. 2d 157 (1943); cf., McCain v. Wade, 181 Miss. 664, 180 So. 748 (1938) (where evidence was insufficient to show origin of fire from defendant's land.)

■ ■ In the instant case, plaintiffs had the burden of proof to show that (1) the fire originated on the Johnson property, (2) it spread to the plaintiffs' land and damaged the timber thereon, and (3) Johnson through his employee negligently permitted the fire to spread to the plaintiffs' land. Although there may be some evidence for the jury's consideration which tends to negative these points, the great weight of the evidence reflects all three of these factors.

The Woffords owned approximately 1320 acres of contiguous land in Grenada County. To the south of the Wofford tract, partly adjacent to it, Johnson owned

about the same amount of acreage. He operated his property primarily as a cattle farm, with no row crops and little timber. Only about ten percent of the Wofford land was cultivatable, the remainder being in hills and hollows. They were using it for growing timber, having planted on it pine seedlings. It also contained some larger hardwood and pine timber. The latter part of March 1963 was quite dry. The timber and underbrush in Grenada and adjacent counties were highly susceptible to fires.

Since the case is to be tried again, there would be no purpose in a detailed analysis of the evidence. However, the following ultimate facts are reflected by the great weight of the evidence: On March 24, 1963, a crew leader for the Mississippi Forestry Commission was notified, went to a small fire in the woods on the north side of the Johnson tract, and plowed an eight-foot wide furrow around it. Johnson advised him that he did not care if his own property was burned off, and intended to burn some of it. There were some burning brush piles about 35 feet south of the woods. On Friday, March 29, the same crew leader was called back to the Johnson place, and right beside the original three-acre block which had burned, he found another fire on the Johnson land. When he arrived, it had already burned eight to ten acres in the woods.

W. E. Holliday was the foreman of Johnson's farm. He told the dispatcher for the Commission that he did not see ''a chance in the world for the fire to get away'', so the dispatcher sent his crew to another of the several fires in the county. Kittrell, an employee of the Commission, went to the Wofford property on Saturday afternoon, March 30, to help suppress the fire. It was all over the woods on both the Johnson and Wofford land. From his observations, the fire came from the Johnson tract. On April 1 Johnson was in the Commission's office in Grenada and told Smith, a fire

control forester, that he was not denying the fire came from the brush heaps on his property, "he was positive of that." He further said, "I'll tell you now, I'm going to do a lot more burning down there", and he could not stay on the ground during all of the burning. A consulting forester testified for plaintiffs that he made a study of the burned area of their land. He calculated it contained 682 acres, with damages to plaintiffs' timber, under the before-and-after rule, of $10,905.

On the morning of March 29, Holliday used a bull-dozer to stack up some burned brush piles, and around 3 P. M. set one pile on fire. It was 30 feet in diameter, and he said it was 152 feet from the woods on Johnson's land. Holliday left the farm around 4 P. M. At that time he said the pile was not blazing, and he did not think there was any danger in it. The intervening ground between the pile and the woods consisted of green rye grass, and Holliday stated he noticed, during the time he was there, that the grass did not burn. Although Holliday must have known of the dry conditions, and Fox had called him about the fire, he did not go back that night to check it.

When Holliday arrived at the farm Saturday morning, the woods were burning. At that time it was on Johnson's place, he did not call the Forestry Office, and did not offer to help put out or control the fire. Holliday admitted he made no effort to see that it was contained on Johnson's place. He left the farm that afternoon around 6 P. M., and supposed the fire was still burning, but he did not look, because he "was busy." Nevertheless, he advised Johnson there was a fire on his property, but the latter did not tell him to return and help the Forestry men fight it. It was a good sized fire which Holliday had started, potentially dangerous, although he did not "think" it would get any worse. After the woods were on fire on Saturday, neither Hol-

liday nor Johnson did anything to stop it from spreading.

At the beginning of the trial, the rule excluding witnesses was invoked, and Johnson, who heard all the testimony, was not permitted to testify as the final witness. We do not consider whether appellants were entitled to a peremptory instruction at the end of the evidence, since they did not ask for it. However, it is manifest that the verdict of the jury is against the overwhelming weight of the evidence. The record reflects that the fire originated on Johnson's land and spread to the land of appellants. Holliday's own testimony shows he was negligent in making no reasonable effort to control and manage the fire, in order to keep it from spreading. The fact that he "thought" it would not spread does not affect the standard of care he was obligated to exercise.

It is undisputed that March 29, 1963 was an exceptionally dry time in Grenada County. Certainly a person is not at liberty to kindle fires and leave them untended, when because of the time, manner and circumstances it appears that damage to others will probably result. Holliday was under a duty when he kindled the brush fire near the woods, adjacent to the Woffords', to take every reasonable precaution to guard against its spread. Yet he admitted that he took none whatever. He left the brush which he had fired on Friday afternoon at 4:00 p.m., and, although advised later that there was a fire in that area, Holliday did not go back to the farm to check it, and did not call any Forestry Commission representatives about it. He took no reasonable precautions to prevent a potential spread of the fire.

 █ It is not necessary to establish negligence in both setting a fire and permitting it to spread. See 65 C. J. S., Negligence, §72. Actionable negligence may be established by evidence that the defendant, after

properly setting out a fire, failed to manage and tend it with reasonable prudence and ordinary care appropriate to the circumstances. Anno., 24 A. L. R. 2d at 258. ██ ██ The great weight of the evidence here shows failure by defendant through his agent to manage and tend the fire with reasonable prudence and ordinary care appropriate to the circumstances existing at that time.

██ ██ Moreover, wherever a servant is charged with work which may be aided by fire and, in furtherance of his duty, is guilty of negligence either in setting a fire or in controlling it thereafter, the master is liable for any damage which may result by reason of the fact that the fire spreads to other property. Gibson v. Wood Lumber Co., 91 Miss. 702, 45 So. 834 (1907); Baldwin v. Alabama & V. R. R. Co., 96 Miss. 52, 52 So. 358 (1909); Anno., 24 A. L. R. 2d at 280.

Since the evidence failed to support the verdict for appellee, but in fact was overwhelmingly in favor of appellants, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

*Kyle, P. J., and Rodgers, Brady and Patterson, JJ.,* concur.