HENDERSON v. THE C., R. I. & P. R. Co.

1. **Evidence:** TRIAL: PRACTICE. Where upon the second trial of a case the parties agree that the reporter's notes of evidence upon the former trial may be used, it is competent for the plaintiff to withdraw any portion of the testimony offered by him upon the former trial, unless the defendant is prevented from introducing the evidence so withdrawn in his own behalf.

2. ———: LIMITATION OF : PRACTICE IN SUPREME COURT. Where a party objects to the admission of testimony generally, and the court thereupon admits it, but limits its effect, the party objecting cannot be heard on appeal to complain of the action of the court in thus limiting its effect.

3. **Railroads:** PRIVATE CROSSING. A railroad company whose line runs through the land of an owner is only required to provide a crossing for such owner when his interest and convenience require it.

Henderson v. The C., R. I. & P. R. Co.

*Appeal from Polk District Court.*

THURSDAY, APRIL 18.

ACTION to recover double the value of a mare killed on the defendant's road in August, 1872. Jury trial, verdict and judgment for plaintiff. The defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Phillips, Goode & Phillips,* for appellee.

SEEVERS, J.—This is the third time this cause has been before this court. It will be found reported in 39 Iowa, 220, and 43 Id., 621, where will be found a pretty full statement of the facts. The evidence on all these trials was the same except as herein otherwise appears.

We judge from the abstract and concessions of counsel that the evidence on the first trial was taken down and extended by the short-hand reporter, and the same was on each subsequent trial read to the jury.

The fact that the mare was killed by a train on the defendant's road has at no time been controverted, but whether the defendant was liable therefor has at all times been seriously questioned.

The road was fenced, but there is a private crossing over it and gates provided thereat for the use of one Harvey, on whose land the crossing is situated.

The liability of the defendant depends on the care exercised in keeping the gates closed.

It was substantially held in 39 Iowa, 220, that the defendant was not liable for the negligence of Harvey, for whose accommodation the crossing was provided, and when a private crossing is necessary to enable a proprietor through whose premises the road is located to reach a highway or adjacent parts of his premises, that the company was under a legal

obligation to furnish it.    But it was not determined, and never has been by this court, that the company was required to provide such crossing with gates or bars, unless required or requested to do so by the owner of the premises.

This ruling was affirmed in 43 Iowa, 621, and it was also held the defendant was only required to exercise ordinary care to keep the gates closed, and that the action of the owner of the premises in forcibly opening the gates, after they had been nailed up by the defendant, sufficiently indicated he required the crossing, and that an instruction which submitted the question to the jury as to whether Harvey required the crossing was erroneous, because there was no evidence to warrant it.

Such being the status of the cause when the present trial took place, we turn our attention to the errors assigned which have been discussed by counsel.

I.    The whole, or a portion, of the testimony of one Houghan having been read to the jury by the plaintiff, the abstract states in reference thereto the following:

1. EVIDENCE: trial: practice. "After reading this far the plaintiff moved to withdraw that portion of witness' testimony relating to the nailing up of Harvey's gates, to which defendant objected.    Motion sustained, evidence withdrawn from the jury, and defendant excepted."

It is not, of course, disputed that plaintiff did not have the right to introduce such legal evidence as he saw fit, or, after having introduced it, to withdraw the whole or any part thereof from the jury, unless the defendant was prejudiced thereby, or prevented from introducing the evidence so withheld or withdrawn in its own behalf.

The abstract fails to disclose any reason why the defendant could not at the proper time have introduced the evidence withdrawn.    The fact (if it be one) that plaintiff saw proper to introduce the evidence on a former trial and that he relied thereon as a basis for a recovery, did not require him to take the same course on any succeeding trial.    In other words, he

could change front, and the defendant has no legal ground of complaint, unless there was a deprivation of a legal right, which in this case there was not.

II. The testimony of Harvey was introduced by the defendant, but a part of the cross-examination which tended to show he cut down the gates after they had been nailed up was

2. ——: limitation of: practice in the supreme court.
objected to by defendant, because the same was "immaterial, indefinite; and not proper cross-examination." The abstract states in reference thereto: "Objection overruled, the court saying: 'It will be admitted simply as tending to show the improbability of Harvey's closing the gate himself.' " It is now urged the court erred in limiting the testimony as above stated. This may be conceded, and then the inquiry becomes exceedingly pertinent: Is the defendant in a position to *now* and *here* urge this objection?

Here is another change of front, for the defendant complains of an error caused by its objection. The presumption must be, if no objection had been interposed, the evidence would have been admitted for any and all purposes.

It is not insisted the evidence was inadmissible for the purpose indicated and to which it was limited by the court, but the point is made that it was admissible as tending to prove Harvey required the defendant to provide the crossing and gates. On every fair principle of justice and right, the defendant should be estopped from now urging and claiming a reversal because of this error. Otherwise the reversal would be caused by an error occasioned by the act of the party claiming the benefit thereof.

III. The defendant asked the following instruction:

"2. By the law and statutes of Iowa, where a railroad runs through the improved land of any party, or between the residence of said party and a public highway, the company

3. RAILROADS: private crossing.
building said railroad is required to furnish to said party an adequate means of crossing the railroad track, and if the same is fenced, proper entrances through said fences to said crossing."

Which was refused and the following given:

"13. Where any person owns land on both sides of a railroad, it is the duty of the corporation owning such railroad to make and keep in good repair one causeway or other adequate means of crossing the same, when required so to do."

"14. The mere fact that the owner of lands lying on both sides of a railroad has a lane leading from his house and other farm buildings to a public highway, and thence across the railroad to his lands on the other side, will not excuse or release the corporation owning the railroad from the duty of putting in and keeping in good repair a private crossing, when requested so to do by such land owner."

The Rev., § 1329, provides: "Where any person owns lands on both sides of any railroad, the corporation owning such railroad shall, when required so to do, make and keep in good repair one causeway or other adequate means of crossing the same."

The instruction refused is based on the theory that the defendant was required to provide a crossing whether the land owner required it or not. The statute will not bear such construction.

The legal obligation exists only where the land owner requires the crossing for his accommodation.

The instructions given are based on the correct theory. The crossing is for the benefit and accommodation of the proprietor of the premises, and unless he requires it, the company is under no obligation to furnish it. Such we understand to be the ruling in New York, under, in this respect, a similar statute. *Spinner v. N. Y. C. & H. R. R. Co.*, 67 N. Y., 153.

IV. Several instructions were asked by defendant as to the care required on its part, which were refused.

The rule contended for and therein set forth was that of ordinary care. The instructions given by the court enunciate the same rule, clothed, it is true, in somewhat different language, but the meaning is substantially the same. The defendant was not, therefore, prejudiced in this respect.

V. It is claimed there is no testimony tending to show but that the gates were closed on the evening in question, and consequently they must have been opened during the night and left open by some one other than employes of defendant. A witness testified: "I had been at Harvey's the night before the accident, when I had been through the private crossing. I did not shut the gates when I went through that night; I did not open them." It is true it does not clearly appear that witness opened the gates or found them open, but he went "through the crossing." This, however, if there was no other testimony, and it is claimed there was, is sufficient to justify the submission of the question as to the gates being open to the jury.

A careful reading of the whole testimony satisfies us the verdict is not so clearly against the weight of the evidence as to justify us in setting it aside for that cause. In so holding we must not be understood as overruling *Aylesworth v. The C. R. I. & P. R. Co.*, 30 Iowa, 459, or in the slightest degree impugning the rule there laid down.

AFFIRMED.