MILLER v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads:** CROSSINGS AND CATTLE-GUARDS: DUTY TO BUILD AND KEEP IN REPAIR. While a railway company is not obliged to construct farm crossings, and the necessary gates, fences and cattle-guards pertaining thereto, unless requested so to do by the owner of the farm, yet, where it does construct them, whether by request or not, it is bound to keep them in sufficient repair to accomplish the purpose for which they were intended. See Code, § 1268, and cases cited in opinion.

*Appeal from Mahaska District Court.*

FRIDAY, JUNE 12.

ACTION to recover for cattle killed by one of defendant's trains. Trial by jury; verdict for defendant; and the plaintiff appeals.

*Bolton & McCoy,* for appellant.

*L. C. Blanchard,* for appellee.

SEEVERS, J.—The plaintiff owns the land on both sides of the track, and it was fenced. There was a farm crossing, cattle-guards and gates for the accommodation of the plaintiff. The fence and gates were properly constructed, and so were the cattle-guards. There was a fence extending from the main fence to the track or cattle-guards. The evidence tended to show that one of the gates was left open by some one passing through it, or it became open in some way, or for some cause unknown, during the night-time, and the cattle passed through and across the track and got thereon, because the fence extending from the main fence to the track was out of repair. Upon motion of the defendant the court directed the jury to find for the defendant.

I. Upon the part of the appellee it is contended that the defendant was not bound to construct and maintain the crossing and cattle-guard, because there was no evidence showing

that the defendant had been requested to do so. The statute so provides, and it has been so held. Code, § 1268; *Henderson v. Chicago, R. I. & P. R'y Co.*, 48 Iowa, 216. But the defendant undertook to and did construct the fence, gates, crossing and cattle-guards, and we think a request should be presumed. Besides this, having constructed such appliances, we think it was bound either .to remove them, or keep and maintain them in sufficient repair to accomplish the purposes for which they were intended.

It may be conceded that the defendant had the right to construct the gate at the place it did, but it was also bound to construct " a cattle-guard and one causeway or other adequate means of crossing." Code, § 1268. A cattle-guard without a fence therefrom to the main fence would not prevent stock from getting on the track if the gate was accidently left open, and this seems to have been the conclusion reached by the defendant, for it did erect such a fence, but permitted it to become out of repair; and because of this fact, as the evidence tended to show, the cattle got on the track. The plaintiff had no right to construct such cross-fence or to repair it, for the reason that he had no right to enter upon the defendant's right of way for such purpose. *Downing v. Chicago, R. I. & P. R'y Co.*, 43 Iowa, 96; *Raridon v. Central Iowa R'y Co.*, 65 Id., 640.

It is said that the defendant maintained another crossing on the plaintiff's land, and that in doing this it did all it was bound to do under the statute. This, we think, is immaterial. If it undertook, at plaintiff's request, or on its own motion, to construct two or more crossings and cattle-guards, it must keep them all in sufficient repair to accomplish the purpose for which they were intended. We think the court erred in directing the jury to find for the defendant.

REVERSED.