Alabama & Vicksburg Railway Co. *v.* W. J. Ligon.

1. Railroads. *Farm crossing. Necessary plantation road. Code* 1892, § 3561.

   A road connecting the dwelling house and the pasture land of a farm, through which a railway track runs, is a necessary plantation road within the meaning of § 3561, code 1892, when its disuse would involve any considerable inconvenience or expense to the tenant in possession, and a failure of the railway company to maintain a crossing for such road subjects it to the penalty of the statute, although there may be another crossing within the inclosed and cultivated land on the opposite side of the farm.

2. Same. *Penalty for failure to maintain crossing. Recovery by tenant. Expiration of lease pending suit.*

   The right of the lessee of a farm, as "the person interested," to recover of a railway company the penalty prescribed by § 3561. code 1892, for its failure, during his tenancy, to maintain a crossing for a necessary plantation road, is not impaired by the fact that, pending suit, he has ceased to have any interest in the premises, as tenant or otherwise.

FROM the circuit court of the first district of Hinds county. HON. ROBERT POWELL, Judge.

This was a suit by Ligon to recover the statutory penalty of $250 for the failure of the railway company to maintain a crossing for a necessary plantation road on a farm of which he was in possession under a lease for five years. The track of defendant ran through the farm, which was one of about three hundred acres, in an easterly and westerly direction, and divided the cultivated from the uncultivated land, nearly all of the former being on the north side of the track, where the residence was also situated. On the western side of the farm, and south of the track, was the pasture land of the farm. There was a crossing in the cultivated field, on the eastern side of the farm, and Ligon entered into an agreement with defendant to do the necessary grading and keep up bars if they would put in and maintain the crossing in question on the western side of the farm. The crossing was put in and maintained by the defendant for some time under this agreement. The bars that Ligon built were not in place one night, and several horses were killed at the crossing by appellant's train. Defendant then ran wires on both sides of the track, completely closing the crossing and shutting Ligon off from his pasture land, access to which had been his object in securing the crossing. After the crossing was put in by defendant, Ligon built another fence on his land, within a few feet of and parallel with his fence on the western boundary of the farm, thus making a lane to the crossing, without the use of which his stock could not reach the pasture land except by going through his cultivated lands. There was some evidence tending to show that the appellant was willing for Ligon to put in gates on both sides of the track, and it was shown, on behalf of defendant, that, pending the suit and before trial, Ligon's interest in the place as lessee had been sold under execution. Verdict and judgment for plaintiff, and appeal by defendant.

*Nugent & McWillie*, for the appellant.

1. The legislature did not intend that the right to a farm crossing should be so unqualified as to admit of its encroachment on the right of a railway company to fence its track in the effort to prevent accidents and preserve life.    Conceding that the crossing was one for a necessary plantation road, which is rather doubtful, the appellant could, with propriety, impose upon one who insisted on breaking the continuity of its fence, as a condition thereto, the duty of maintaining gates and keeping them closed. *Railroad Co.* v. *Williamson*, 29 N. E. Rep., 455; *Railroad Co.* v. *Cosper*, 22 Pac. Rep., 634; *Ib.*, 42 Kan., 561.

2. The statute, § 3561, code 1892, awards the penalty to the person interested, thereby clearly meaning the person interested at the time of trial and judgment.    *Cooper* v. *Fox*, 67 Miss., 237; 6 Lawson's Rights and Remedies, p. 4650, sec. 2846.

*Williamson & Potter*, for the appellee.

Ligon was the person interested within the meaning of the statute.    He was in possession of the farm as lessee under a five-year lease at the time of the injury.    His right of action for the penalty accrued while he bore the relation of lessee to the property, and it was not diverted by the interruption of that relation.    It was a demand that inured to him personally —a debt recoverable whether he continued to be interested in the farm or not.    *Railroad Co.* v. *Spencer*, 72 Miss., 491; 5 Am. & Eng. Enc. L., 165; Sutherland on Stat. Con., 359, 360, 457.

WHITFIELD, J., delivered the opinion of the court.

The case chiefly relied on by counsel for appellant (*Railroad Co.* v. *Williamson*, Ind. App., 29 N. E., 455) has no application whatever.    At page 460 the court says: "Buck did not own the land on the north side of the railroad, opposite the

side track. The right of way did not separate his land into two parcels, and the gates were not put in for the purpose of enabling him to go from a tract of land on one side of the railroad to a tract on the other side." So of the other cases cited from Indiana. The doctrine of *Railroad Co.* v. *Spencer*, 72 Miss., 491, was thoroughly considered, and is reaffirmed. The appellee was entitled to the crossing. See the following authorities: Thornt. R. R. Fences, secs. 257, 267–269, 281, 283–286, 289, 291, 292; *Henderson* v. *Railroad Co.*, 48 Iowa, 216; *Gray* v. *Railroad Co.*, 37 Iowa, 119; *Railroad Co.* v. *Hughes*, 2 Ind. App.; 68; *Ib.*, 28 N. E., 158. Appellee was interested. The right to the penalty accrued while he was in possession.

*Affirmed.*