Gilchrist-Fordney Co. v. Parker.

[69 South. 290.]

1. Pleading. *Several counts. Election. Necessity. Railroads. Fires. Action for damages. Possession and ownership of lands. Presumption and burden of proof.*

Where in a suit against a railroad company for damages caused by fire set by defendant's logging engines to grass on its right of way, which spread to plaintiff's adjoining land, plaintiff's declaration contained two counts, one for property damage in the destruction of fences, etc., and the other for the statutory penalty of one

hundred and fifty dollars as provided for under Code 1906, section 4988; a motion to compel plaintiff to elect upon which count he would stand will be overruled, since he is entitled to recover in one suit both his actual damages and the statutory penalty.

2. SAME.

The fact that at the time the fire occurred the land was not in the actual possession of plaintiff, but was in the possession of a third person to whom he had leased it for one year, was immaterial to his recovery for the burning of his fence, or the statutory penalty, and proof that he claimed to own the land and had rented it to one who was in possession when the fire occurred was sufficient proof of title, and the fact that he sold the land before the commencement of his suit, did not prevent his recovery of the actual damages and the statutory penalty.

3. RAILROADS. *Fires. Action for damages. Presumption. Burden of proof.*

Even though plaintiff by charging in his declaration that defendant's negligence consisted in its failure to equip its engines with proper and necessary appliances, instruments and spark arresters, so that fire could not be communicated to any inflammable substance, on either side of its track, assumed thereby the burden of proving this allegation, yet such burden was met by proof that the fire was set out from one of appellant's passing engines, which at the time was emitting sparks as large as the little finger, as in such case the rule of *res ipsa loquitur* applies.

APPEAL from the circuit court of Jasper county.
HON. W. H. HUGHES, Judge.

Suit by M. L. Parker against the Gilchrist-Fordney Company. From a judgment for plaintiff, defendant appeals.

The first count charged that on account of the defects of the logging engines of the defendant, and through the negligence in their operation over defendant's logging road, sparks set fire to grass and weeds allowed to accumulate on the right of way, and thence fire spread on plaintiff's land and destroyed fences and other property, resulting in damage.

Second count alleges negligence as above, but seeks the statutory penalty as provided by section 4988 of the Code of Mississippi 1906, which is as follows:

"If any person shall set on fire any lands of another, or shall wantonly, negligently, or carelessly allow any fire to get into the lands of another, he shall be liable to the person injured thereby, not only for the injury to or destruction of buildings, fences, and the like, but for the burning and injury of trees, timber, and grass, and damage to the range as well; and shall moreover be liable to a penalty of one hundred and fifty dollars in favor of the owner."

The assignments of error are as follows:

(1) The court erred in overruling the motion of the appellant to require appellee to elect upon which one of the two counts of his declaration he would proceed.

(2) The court erred in allowing appellant to recover, when it appeared that at the time of the fire alleged the land was in actual possession and occupancy of a third person for a term of one year under a contract.

(3) The court erred in permitting plaintiff, over objection, to testify that he had a deed to the land in question in his pocket, and in not requiring plaintiff to produce the deed.

(4) The court erred in allowing plaintiff to recover, when it appeared that plaintiff had sold the land in December, 1910, and the suit was not instituted until January, 1911. (Plaintiff sold the land after the fire).

(5) The court erred in holding that plaintiff could recover when there was entire absence of testimony as to negligence of defendant as alleged in plaintiff's declaration.

Plaintiff recovered judgment for one hundred and fifty dollars statutory penalty and ten dollars damage.

*Stone Deavours,* for appellant.

The first assignment of error is that the trial court erred in overruling the motion of the appellant to re-

quire the appellee to elect upon which count of his declaration he would proceed.

There can be no question, we take it, but what the appellee in his declaration prepared one count in tort and the other in debt. The first count of the declaration is clearly and unmistakably a count in tort. It has every ear mark of a count in tort; in fact the counsel for appellee did not dispute, in the court below, that the first count was a count in tort.

The second count in the declaration is clearly and unmistakably a count in debt. It is a count for the statutory penalty, and such a count is always an action in debt, and therefore an action on contract. See *Elder* v. *Hilzheim,* 35 Miss. 231.

As we understand the decisions of this court, there is no proposition that has been more clearly enunciated than the proposition that there cannot be a joinder of counts, one in contract and one in tort in the same declaration.

This court has reaffirmed that decision in the case of *Hazelhurst* v. *Cumberland Telephone and Telegraph Company,* 83 Miss. 303.

From the foregoing authorities it would seem to be firmly settled in this state that a count in tort and a count in debt cannot be joined in the same declaration. This being true, unquestionably the court below erred in not requiring the appellee, who was the plaintiff in the court below, to elect whether he would proceed on that count of his declaration which was in tort, or on that count of his declaration which was in contract. See, also, 1 Cyc. page 736, par. b; 1 Ency. of Plead. and Prac., page 171, par. 10; *Erie City Iron Works* v. *Barber,* 118 Pa. St. 6.

Now, it will be noted that in the case at bar the appellant vainly endeavored to get the court to require the appellee to elect on which count of his declaration he would proceed.

Of course if two counts of a declaration are in the form of counts *ex contractu* a demurrer will not lie; but certainly if it appears that one count of the declaration is on cause of action *ex contractu*, and the other count is on a cause of action *ex delicto* then the complaining party will be required to elect upon which he will proceed.

That an action of debt is an action *ex contractu* is settled beyond the peradventure of a doubt. See 5 Ency. Plead. and Prac., page 898, par. 2. The case of *West* v. *McClure*, 85 Miss. 296, is an instructive case on this same point.

The second assignment of error is that the circuit court erred in holding that the appellant could recover in this case, although it appeared, from the testimony without contradiction, that the land alleged to have been burned, was at the time of the fire, in the actual possession and occupancy of a third person for a term of one year under a contract.

We respectfully submit to the court that the trial court in so holding committed error.

This is not a suit for damage done in the reversionary interest of the owner after the expiration of the particular estate in this instance a lease for one year. The declaration is not framed on that theory, and that idea was evidently not in the mind of the pleader when the declaration was drawn. There are of course instances in which suit may be brought for damage done to a reversionary interest in land; but in order for such suit to be maintained it must be made to appear from the written statement of the cause of the action, that the plaintiff files, that the suit and demand is based on a claim of this nature. And we do not believe that it will be contended that the declaration, in either count, in this case, can be tortured into any such construction.

The general rule is that the party bringing suit must be the owner of the property at the time of the happen-

ing of the event which is alleged to have caused the hurt and damage. It is hard to conceive that an action of trespass to property can be maintained by one not in the possession actual or constructive of the property alleged to be damaged unless the peculiar circumstances that make such action justifiable and proper are set forth with some degree of certainty in the declaration. A party might have a right of action for an injury done to him on his property; but we submit there is no rule of law that permits a complaining party to set up one state of facts in his written complaint, and then permits him to attempt to prove an entirely different state of facts.

In the case at bar the plaintiff, who seeks to recover in one count of his declaration for damage alleged to have been done to his property, by way of a trespass, was not at the time of the alleged wrongful act which it is averred constituted the trespass to the property, in either the actual or constructive possession of the property: but the property alleged to have been damaged by the wrongful act, was at the time rightfully and lawfully in the possession of a third party who held a valid and lawful title thereto for a certain term; and there are no allegations in the complaint showing that damages are claimed because of injury to the reversionary interest. And we contend that such action cannot be maintained under the allegations of either count of the declaration in this case.

*Byrd & Byrd,* for appellee.

The first assignment of error is that the "trial court erred in overruling the motion of appellant to require the appellee to elect upon which count of his declaration he would proceed." The question here is whether or not we are undertaking to recover in this case both for tort and a debt in the same declaration. My friend, the enemy, is clearly mistaken when he says, "the first

count of the declaration is clearly and unmistakably a
count in tort," but he is correct in stating that, "the
second count in the declaration is clearly and unmis-
takably a count in debt." We have carefully read the
case of *Elder* v. *Hilzheim,* 35 Miss. 231, and the case of
*West* v. *McClure,* 85 Miss. 296, and we insist that each
of these cases are very much in our favor. Counsel for
appellant admits, in his argument, that if these two
counts are brought on action of debt, or an action *ex
contractu,* then the suit was properly brought, but he
contends further that the destroying of appellee's
fence and other damages caused by the setting of fire
on its right of way, and communicated to appellee's land
is an action *quare clausum fregit,* and in this he is
mistaken. There is no breaking of the close here, and
no illegal entry upon the land of the premises of appel-
lee, they simply set fire to the grass upon their own
right of way and it spread over on to the land of.
appellee. Now if this company had gone upon the land
of appellee and set fire to the same and thereby caused
the damages then it would have been a trespass *quare
clausum fregit,* but it did not do this. This question
is put at rest in the case of *Archibald, et al.* v. *M. & T.
R. Co.,* 6 So. 238.

We respectfully submit that this was not a trespass
*quare clausum fregit* and that the court very properly
overruled appellant's motion to require appellee to
elect upon which count of his declaration he would pro-
ceed.

There is absolutely nothing in appellant's second
assignment of error. Appellee had a tenant living on
the tract of land in question at the time the fire occured.
He, appellee, was also using the pasture in question
personally, or part of it. Counsel for appellant is mis-
taken in his contention as to the possession and owner-
ship of the property. The possession of the land was
in appellee, and he so testified, and claimed ownership

thereof. It is true that he had a tenant living on the land who had agreed to work the land that year but appellee retained the pasture, or a part thereof, and the supervision of the farm. Claim of ownership and possession is sufficient. *McCleary* v. *Anthony,* 54 Miss. 708.

SMITH, C. J., delivered the opinion of the court.

The court below committed no error in overruling appellant's motion to require appellee to elect upon which count in his declaration he would stand, for the reason that appellee is entitled to recover in one suit both his actual damages and the penalty of one hundred and fifty dollars prescribed by section 4988 of the Code. *Railroad Co.* v. *Spencer,* 72 Miss. 491, 17 So. 168.

The fact that at the time the fire occurred the land was not in the actual possession of appellee, but was in the possession of a third person to whom he had leased it for one year, is immaterial. Leaving out of view appellee's rights at common law, he was, of course, injured by the burning of the fence which was his property, and section 4988 of the Code expressly confers a right to recover damages from a person setting out fire on the land of another upon "the person injured thereby." The one hundred and fifty dollar penalty provided for by this statute, in addition to the actual damages sustained, is "in favor of the owner," so that appellee is entitled thereto, whether the owner there referred to is the owner of the land, or the buildings, fences, trees, etc., situated thereon, in event a separate ownership thereof should exist.

The proof of plaintiff's title to the land consisted simply of evidence that he claimed it as his own, and had rented it for the year in which the fire occurred to a third person, who was then in possession as his tenant. This was sufficient. *Dejarnett* v. *Haynes,* 23 Miss. 600; *Ware* v. *Collins,* 35 Miss. 223, 72 Am. Dec. 122; *McCleary* v. *Anthony,* 54 Miss. 708; *Darrill* v. *Dodds,* 78

Miss. 912, 30 So. 4. That appellee sold the land on which this fire was set out prior to the institution of this suit does not preclude him from recovering the statutory penalty and the actual damages sustained by him. *Railway Co.* v. *Ligon,* 74 Miss. 176, 20 So. 988.

Conceding that, since appellee's declaration alleged that appellant's negligence consisted in its failure to equip "its engines with proper and necessary appliances, instruments, and spark arresters, so that fire could not be communicated to any inflammable substance, or substance which was on either side of its said spur track," etc., he thereby assumed the burden of proving this allegation, we think the burden was met by proof that the fire was set out from one of appellant's passing engines, which at the time was emitting sparks as large as the little finger of one of the witnesses who testified thereto. *Res ipsa loquitur.*

*Affirmed.*