BOARD OF MISSISSIPPI LEVEE COM'RS *v.* ANDERSON CLAYTON & CO.

(Division B. Nov. 19, 1934.)

[157 So. 531. No. 31436.]

Ernest Kellner, Jr., of Greenville, and John T. Smith, of Cleveland, for appellant.

Shands, **Elmore** & **Causey,** of Cleveland, for appellee.

Griffith, J., delivered the opinion of the court.

Appellee purchased in, and shipped from, the Missis-

sippi Levee District one hundred and sixteen bales of cotton, without first paying the levee tax thereon, but in the belief, founded upon the representations of the sellers, that the cotton had been grown in a nearby county, not within the district. Upon discovering that the cotton had been grown in the district, appellee paid the normal levee tax thereon, but declined to pay, the statutory penalty of ten dollars a bale demanded by the levee commissioners, whereupon suit was instituted by the commissioners for the said penalty.

The suit is based upon section 5, chapter 128, Laws 1906, wherein it is provided that: "It shall be unlawful for any one to remove or cause to be removed from the Mississippi Levee District any cotton grown therein without first paying the levee tax thereon, and any one so removing such cotton without paying such tax and without the consent of the levee board of said district, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined; . . . and in addition the board of Mississippi levee commissioners shall be entitled to recover from the person so removing such cotton a tax of ten dollars ($10) for each bale . . . on all cotton so removed. . . ." It will be observed that the concluding language of the quoted statute denominates the additional ten dollars a bale as a tax, but in Goodstein v. Board of Miss. Levee Com'rs, 153 Miss. 783, 791, 121 So. 856, this court held that the so-called additional tax is nevertheless a statutory penalty.

It is admitted here that the cotton in question was in fact grown in the district; that it was removed from the district without first paying the levee tax thereon and without the consent of the levee board; and it is the contention of the board that these facts of their own force perfect the right of the levee district to recover the penalty; while appellee contends that it is necessary that the ultimate facts shall show that the act of appellee was one of culpable fault or omission on its part.

Among our statutes, perhaps none of them are more nearly similar in language, in respect to the imposition of penalties, to the statute here under review than those providing penalties for the cutting of trees on the land of another without the consent of the owner. Those statutes are silent, as is the one here, as to the intent of the offender; but from the beginning, they have been construed to mean, as was recently said in a summary of them in Seward v. West, 168 Miss. 376, 385, 150 So. 364, 366, "that statutory penalties such as this 'are designed chiefly as punishment, are quasi criminal,' and that recovery therefor should be allowed 'only in case of culpable fault or omission.' Culpable means that which is deserving of moral blame." And in that case the court further declared: "Without unduly extending comment, we add by way of summary that this court has always been cautious in the infliction of the statutory penalty, and will allow it only where the facts are well proved and where the testimony shows the trespass to have been willful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to willfulness."

But appellant contends that while the stated rule in respect to the infliction of statutory penalties may well be conceded to be correct as to controversies between private parties, it should not prevail in cases of the collection of the public revenues, so essential to the carrying on of great public works such as the maintenance of the levees; and in support of this contention appellant cites cases of the enforcement of statutory penalties for the nonpayment of assessed taxes within the time required by law. In those cases when the assessment has been validly made, spread upon the public records, and become a judgment, no extraneous circumstances are, as a general rule, within the province of further inquiry. But as more analogous to the question here before us, there are those statutes existing in many states which

impose penalties upon taxpayers for the failure to report, or to make list or statement of their taxable property, in which states, almost without exception, their courts hold that under such statutes the statutory penalty is not recoverable unless the act or omission of the taxpayer was fraudulent or willful, or at least with culpable negligence. See 16 C. J., pp. 1485, 1486. And so we hold in this case, since the act or omission of the taxpayer was the failure to report taxable property; and we affirm the decision of the chancellor, since the facts disclosed by the record are sufficient to support his conclusion that the omission to report and to pay before removal of the cotton was not "willful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to willfulness."

Affirmed.

**Anderson, J.**, disqualified, takes no part.