## MILLER *v.* TECHE LINES, INC.

(Division B.   April 6, 1936.)

[167 So. 52.   No. 32194.]

Grayson B. Keaton, of Picayune, and J. M. Morse, of Poplarville, for appellant.

354

Parker & Shivers, of Poplarville, and **Porteous, Johnson & Humphrey**, of New Orleans, La., for appellee.

Argued orally by **J. M. Morse** and **Grayson B. Keaton,** for appellant, and by **H. H. Parker,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Main street, in the town of Poplarville, is paved with a material which requires constant use, else the material will deteriorate. For this reason the town authorities manage that the parking spaces for automobiles and trucks shall be shifted every few months from the curb to the center of the street, and back to the curb again, and so on. During 1934, the town authorities determined by resolution to require the marshal to set apart an exclusive parking place or places for passenger busses, and

some time thereafter, appellee, which operates a line of busses through said town, sent to its ticket agent in said town, and for the use of the town in the designation of parking places for the bus lines entering the town, a bus stop sign, which was a standard about four feet high affixed to a movable base and at the top of which was a sign containing the words, "Bus Stop."

When this sign was first delivered to the town, it was placed next to the curb and in a position where it was entirely harmless. When thereafter the parking space for cars, trucks, and busses was moved to the center of the street, in accordance with the practice first above mentioned, the bus stop sign was also moved to the center of the street. The declaration avers and we will accept the proof as sufficient to escape a peremptory instruction on that particular ground, that the ticket agent of appellee actually moved the stop sign to a position in the center of the street and to the place which had been designated by the town authorities as that for the accommodation of passenger busses. A month or so after the stop sign had been moved to the center of the street, a school truck, in which appellant was a passenger, collided with this stop sign and appellant was injured.

The proof shows that the ticket agent of appellee, who moved the bus stop sign from the curb to the center of the street, was also the agent of appellee for what we might call an express business, that is, for the purpose of receiving from the busses and also for transportation thereon, small articles of merchandise suitable for carriage on busses, generally in emergency cases, and that he would telephone for reports when busses were late. Other than as above mentioned, it is not shown that the ticket agent had any other duties to perform, and it is shown by the direct evidence of a general officer of appellee corporation that the ticket agent aforesaid was not a general agent of the corporation. We shall assume, but we do not so decide, that the bus stop sign in the

center of the street was such an obstruction as to impose liability upon a person or authority who placed it there.

A review of our cases will disclose that this court has endeavoured to uphold the doctrine of respondeat superior in its full integrity, but at the same time has been cautious that the rule be not extended beyond its reasonable and legitimate bounds. The rule is, of course, that the principal or master shall respond in damages for the tortious acts of his agent or servant when, but when only, the tort has been committed in the furtherance of the business of the master and within the scope of the employment of the agent or servant. Not everything done by an agent or servant in the furtherance of his master's business is within the scope of the employment; wherefore, it is laid down that in order to fulfill the latter requirement the act complained of must have been committed in the course of the appointed duties of the tort-feasor, or was of the same general nature as those so authorized, or was incidental to the authorized conduct. Loper v. Yazoo & M. V. R. Co., 166 Miss. 79, 145 So. 743.

There is an entire absence of any substantial evidence in this case that the agent here was authorized by his principal to enter upon the streets of the town and to take charge of the parking arrangements of the town or of any part thereof; nor was such conduct of the same general nature as the appointed duties of ticket and express agent. Nor can it reasonably be said to be inci-dental to the general nature of the appointed duties. It is not enough that the act done may bear some relation to the authorized duties, Natchez, C. & M. R. Co. v. Boyd, 141 Miss. 593, 600, 107 So. 1, but the incidental connec-tion should be so close and definite that it can be safely said that the damage resulting from the servant's act may be justly imposed upon the master as one of the normal risks which the business should bear, and that the act complained of was one which the master or prin-cipal could have reasonably anticipated as probable in

358

view of the terms of the employment and the general situation, known to the master or principal or of which he had an adequate opportunity to know. Hand v. Industrial Life, etc., Co. (Miss.), 165 So. 616.

·ʹ We believe it would be to go beyond the bounds of proper caution and safety to say that a motor transportation company which has employed a ticket and express agent in a town, and which has conferred no general agency upon that person, should be held to an anticipation that this agent would so far transcend his appointed duties as to engage upon and assume the functions which belong only to the duly constituted street authorities of the town, as was the case here. In doing what the ticket agent did here, he not only went beyond his own duties, but actually usurped and entered within the duties and authority which solely belonged to the proper public officers, and beyond that which belonged to any private person, be he principal or agent. If it may be said that the principal should be held to an anticipation of this conduct on the part of its ticket and express agent, then nearly every conceivable possibility having any relation to the business of the principal would be brought within the rule of respondeat superior, and this is not the law. Compare Davis v. Price, 133 Miss. 236, 97 So. 557.

Affirmed.