## WILSON *v.* YAZOO & M. V. R. CO.

(In Banc. Feb. 23, 1942. Suggestion of Error Overruled March 23, 1942.)

[6 So. (2d) 313. No. 34809.]

Berger & Gholson, of Port Gibson, for appellant.

E. S. and J. T. Drake, of Port Gibson, and Clinton H. McKay, Lucius E. Burch, Jr., and Frank F. Roberson, all of Memphis, Tenn., for appellee.

Argued orally by **Fred Berger**, for appellant, and by **Frank F. Roberson** and **J. T. Drake, Jr.**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This suit was brought under Section 3422, Code of 1930, for the recovery of both actual damages and the statutory penalty of $150 on account of the appellee having wantonly, negligently or carelessly allowed a fire to spread from its right-of-way onto the lands of the appellant. In awarding the sum of $50 as actual damages to the appellant as owner of the land, the jury necessarily found that the railroad company had either wantonly, negligently or carelessly allowed the fire to spread onto his land. This was the only basis upon which the verdict for actual damages could have been predicated under the law. Having so found, the jury should have rendered a verdict for the statutory penalty of $150 in addition to the actual damages. The statute in question reads, as follows: "If any person shall set on fire any lands of another, or shall wantonly, negligently, or carelessly allow any fire to get into the lands of another, he shall be liable to the person injured thereby, not only for the injury to or destruction of buildings, fences, and the like, but for the burning and injury of trees, timber, and grass, and damage to the range as well; and shall moreover be liable to a penalty of one hundred and fifty dollars in favor of the owner."

It will be noted that this is a carefully worded statute and that its provisions are so plain and unambiguous as to leave nothing for judicial interpretation or construction. The legislature did not see fit to provide that the statutory penalty should be awarded only in the event

that the defendant should wilfully or wantonly allow any fire to get onto the land of another, but provided for the allowance of the same in the event the defendant shall "wantonly, negligently, or carelessly allow any fire to get into the lands of another." No principle is more firmly established, or rests on more secure foundations, than the rule which declares when a law is plain and unambiguous, whether it be expressed in general or limited terms, that the legislature shall be deemed to have intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law. The intention and purpose of the legislature is to be deduced from the whole and every part of the statute taken together—from the words and context—and such a construction adopted as will best effectuate the intention of the law-giver. Koch v. Bridges, 45 Miss. 247, 257, 258, 259, 261; Roseberry v. Norsworthy, 135 Miss. 845, 100 So. 514, 516; Dresser v. Hathorn, 144 Miss. 24, 109 So. 23, 29; Johnston v. Reeves & Co., 112 Miss. 227, 72 So. 925, 927; Henderson v. Blair, 102 Miss. 640, 59 So. 856; Universal Life Ins. Co. v. Catchings, 169 Miss. 26, 152 So. 817, 819; Virden v. State Tax Commission, 180 Miss. 467, 177 So. 784, 785; Alexander v. Graves, 178 Miss. 583, 173 So. 417, 419; and Mississippi Cottonseed Products Co. v. Stone, 184 Miss. 409, 184 So. 428, 431.

In the case of Gilchrist-Fordney Company v. Parker, 109 Miss. 445, 69 So. 290, the suit was against a logging railroad company for damages caused by fire set by the defendant's logging engines to grass on its right-of-way, caused by the emission of sparks from its engines, and which fire spread to the plaintiff's adjoining land. There was a recovery of the sum of $10 actual damages and the statutory penalty of $150. The judgment was affirmed on appeal, the court holding that in such case the plaintiff was entitled to actual damages and in addition thereto the statutory penalty provided for. Most assuredly, it cannot be said that the act of a logging railroad in permitting sparks to emit from its locomotives is tanta-

mount to willfully setting out a fire on its right-of-way and allowing it to spread to the land of another.

It is true that the court has repeatedly held that a person is not liable for the statutory penalty provided under Section 3411, Code of 1930, for cutting down, deadening, destroying or taking away certain kind of trees unless his act in so doing is characterized by wilfullness or wantonness, but those decisions are in harmony with the rule to the effect that the courts will not impose a penalty for mere negligence or carelessness in the absence of a statute expressly so declaring. But here, we have before us such a statute. It applies not only to railroad companies but to any person anywhere in the state who either wantonly, negligently or carelessly permits a fire on his own land to spread onto the lands of another, and when we consider the evil to which the statute was directed—promiscuously setting on fire the lands of another, or wantonly, negligently or carelessly allowing a fire to spread onto the lands of another—it seems clear that the legislature intended to penalize every person who should be guilty of the act so condemned by the statute. In the enactment of this law, it was evidently considered that it would be difficult for a landowner who had been thus injured to prove that the act complained of was wilfully or wantonly done, and hence the language employed is clear and unmistakable in awarding the penalty upon proof by the plaintiff that the fire was either wantonly, negligently or carelessly allowed to spread onto his lands.

We are of the opinion that the court properly instructed the jury for the plaintiff that if they should believe from the preponderance of the evidence that the defendant wantonly, negligently or carelessly allowed a fire that was started by it to spread upon the land of the plaintiff, the defendant would be liable to the plaintiff not only for the injuries actually sustained as a proximate result thereof, but also for the $150 statutory penalty, since it was necessary for the jury to first find that the defendant's act was wantonly, negligently or carelessly done before

it was even entitled to award actual damages, and that having so found, the jury should not have ignored the instruction to add to such damages the statutory penalty.

The plaintiff moved the court below to include in the judgment rendered the statutory penalty as well as the actual damages recovered. The court below overruled this motion. We are of the opinion that it should have been sustained and that judgment here should be rendered accordingly.

Reversed and judgment here for the appellant on direct appeal and affirmed on cross-appeal.

**Anderson, J.,** delivered a dissenting opinion.

The construction of this statute is governed by analogous principles applied by this court in construing the tree-cutting statute, Section 3411 of the Code. The mere language of that statute imposed the penalty without any regard to whether the trees were knowingly or negligently cut, if the cutting was without the consent of the owner. In construing that statute the court laid down these principles: That despite the language used in the statute the court has repeatedly ruled that simple negligence as distinguished from willfulness, recklessness or gross negligence is not sufficient for the imposing of the statutory penalty; that the court has always been cautious in the infliction of a statutory penalty. A mere mistake or carelessness is not enough; the trespass must have been willful or the negligence so gross or the indifference so real or the lack of good faith so evident as to be tantamount to willfulness. Seward v. West, 168 Miss. 376, 150 So. 364; Board of Mississippi Levee Commissioners v. Anderson Clayton & Co., 171 Miss. 316, 157 So. 531; E. L. Bruce Co. v. Edwards 192 Miss. 1, 3 So. (2d) 846, In the Anderson Clayton & Co. case there was involved a statutory penalty for failing to pay a cotton tax before cotton was removed from the Levee District. In discussing this question the court [171 Miss. 316, 157 So.

532] used this language: "Among our statutes, perhaps none of them are more nearly similar in language, in respect to the imposition of penalties, to the statute here under review than those providing penalties for the cutting of trees on the land of another without the consent of the owner. Those statutes are silent, as is the one here, as to the intent of the offender; but from the beginning, they have been construed to mean, as was recently said in a summary of them in Seward v. West, 168 Miss. 376, 385, 150 So. 364, 366, 'that statutory penalties such as this "are designed chiefly as punishment, are quasi criminal," and that recovery therefor should be allowed "only in case of culpable fault or omission." Culpable means that which is deserving of moral blame.' And in that case the court further declared: 'Without unduly extending comment, we add by way of summary that this court has always been cautious in the infliction of the statutory penalty, and will allow it only where the facts are well proved and where the testimony shows the trespass to have been willful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamount to willfulness.' "

Putting it differently, if the legislature had intended to impose the penalty for mere negligence or carelessness the word "wantonly" would be surplusage, because wantonness includes the former. The maxim noscitur a sociis applies, particularly as regards the penalty.

**Griffith, J.,** concurs in this dissent.