GABBERT *et al. v.* TREADAWAY.

(Division B. April 26, 1943.)

[13 So. (2d) 157.  No. 35346.]

436

**Herbert Holmes,** of Senatobia, for appellants.

J. F. Dean, of Senatobia, for appellee.

Argued orally by **Herbert Holmes,** for appellants, and by **J. F. Dean,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Nabors was employed by Gabbert as farm manager, and upon the occasion here involved, he was, pursuant to Gabbert's directions, engaged in assigning or issuing to tenants their respective land allotments. While so engaged, one Higginbotham, a prospective tenant, in discussing the character of the land, said to Nabors "I will never get a plow in this. Have you got a match?" The tenant testified that he referred to the amount of grass

on the land and the difficulty of plowing it unless it was burned off. Nabors handed him a match and the witness lighted the grass. This evidence was not corroborated completely by Nabors. The jury, however, were warranted in concluding that Nabors' conduct was sufficient to constitute him a participant in the act of burning, especially in view of a second attempt in his presence and with his knowledge and consent to set another fire. The first fire spread and the jury was warranted in finding that it spread to appellee's land and caused damage to a number of small pine trees which had been set out thereon.

The peremptory instruction exonerating Gabbert ought to have been granted. In the light of the record, we find no substantial evidence upon which the jury could have found that Nabors was, in respect to the act causing damage, acting within the scope of his employment and in furtherance of his employer's business. Marlowe v. Bland, 154 N. C. 140, 69 S. E. 752, 47 L. R. A. (N. S.) 1116; Wilson v. Peverly, 2 N. H. 548; Andrews v. Green, 62 N. H. 436. The lands had never been burned, and it was shown that such burning was not incidental to nor within the scope of the duties Nabors was employed to perform, nor those in which he was on the occasion engaged. Miller v. Teche Lines, Inc., 175 Miss. 351, 167 So. 52.

Suit was brought for damage to both pine and locust trees and to a fence. Plaintiff also demanded the statutory penalty of $150 under Code 1930, Section 3422.

The damage shown by the evidence was far from definite. It does not appear with reasonable certainty that any locust trees were destroyed, and the only accurate count of pine trees lost does not exceed sixty-nine. Their valuation was placed at ten cents each. Neither the ownership of the fence, nor the extent of the damage thereto, was sufficiently shown. The judgment of $350 could be explained therefore only as representing the $150 penalty and an estimate of $200 for actual damage.

The plaintiff's instruction number one required the jury to add such penalty if any actual damage by the fire was found to have resulted from defendant's negligence. Such instruction was correct in principle. Wilson v. Yazoo & M. V. R. Co., 192 Miss. 424, 6 So. (2d) 313.

The foregoing considerations are advanced, not as controlling bases for a reversal here, but for the guidance of the parties in view of the necessity for remanding the case on the following grounds. All of the plaintiff's instructions involve the liability of both Gabbert and Nabors. There are no separate instructions applying solely to the negligence of Nabors, which, in view of the non-liability of Gabbert, was the only proper defendant. The responsibility of Gabbert under the doctrine of respondeat superior was stressed in all these instructions except the first, above referred to. Nabor's responsibility, if any, was personal and direct and should not have been linked with any supposed liability of his employer. Thus, the liability of Nabors was so integrated with the liability of Gabbert that the jury was given no satisfactory or adequate standard whereby the liability of the former was to be adjudged. The status of Nabors as the supposed agent of Gabbert dominated all the instructions, and the liability of the other was made to stand or fall with any verdict against the landowner.

It is clear that justice requires a new trial upon the sole liability of Nabors, unaffected by any considerations except those applying to his acts in an individual capacity. The uncertainty as to the extent of plaintiff's damages strengthens our conclusion that a new trial would alone meet the ends of justice.

Appellee assigns on cross-appeal that the alleged inadequacy of the verdict must be construed as excluding a finding of the statutory penalty. We are compelled to take the opposite view, and to assume that the jury obeyed the direction of plaintiff's first instruction. Illinois Central Railroad Co. v. Woods, 191 Miss. 628, 3 So. (2d) 826.

Reversed and remanded.