BRIDGES *v.* DEXTER BARR,
CHAIRMAN STATE TAX COMMISSION

No. 42454 November 19, 1962 146 So. 2d 544

138

*James T. Bridges,* Belzoni, for appellant.

*John E. Stone,* Jackson, for appellee.

Ethridge, J.

The sole question in this case is whether the statutes provide, for the year 1960, an income tax exemption of $6,000 or $7,000 for married couples. The State Tax Commission held the exemption was in the lesser amount, and levied a deficiency assessment against James T. Bridges, appellant, for the small difference in tax. He appealed to the chancery court, which affirmed the Commission.

Bridges filed his income tax return for the calendar year 1960 within the proper time. He was married and living with his wife on the last day of 1960, and claimed a specific exemption of $7,000, asserting the 1960 statutes so provided. The Commission allowed a specific exemption of only $6,000, and made the additional assessment of tax.

Miss. Code 1942, Rec., Sec. 9220-11, being Miss. Laws 1952, Ch. 402, Sec. 10, provided that, in the case of a married individual living with husband or wife, there should be a joint personal exemption of $6,000. Miss. Laws 1958, Ch. 555, amended this statute by creating a $6,000 exemption for the "head of a family", but continued in effect the $6,000 personal exemption for married couples.

In 1960 the state income tax statutes were amended in a number of different ways. The two acts with which we are concerned are Chapters 456 and 457 of Miss. Laws of 1960.

Ch. 456 went into effect on February 23, 1960. It amended Code Sec. 9220-11 by providing a joint personal exemption for married couples of $7,000.

However, on March 30, 1960, the legislature passed and the Governor signed Ch. 457, Laws of 1960. Sec. 1 of Ch. 457 made certain changes in the tax rates. Sec. 2 provided again for a joint personal exemption for married couples of $7,000. However, Sec. 5 postponed the effective date of Secs. 1 and 2: ''This Act shall take effect and be in force from and after its passage except sections one (1) and two (2) which said sections shall take effect and be in force from and after January 1, 1961.'' In other words, Sec. 5 of Ch. 457 directed that Sec. 2 should not take effect until January 1, 1961.

Sec. 3 of Ch. 457 stated the act did not affect or defeat any claim, suit, right or cause of action for taxes due or accrued under earlier laws prior to its effective date. It is not relevant here.

In view of this legislative history, the taxpayer argues that the effective date of Sec. 2, Ch. 457, Laws of 1960, is January 1, 1961. Until then the 1952 act, as amended in 1958 and by Ch. 456, Laws of 1960, remained in effect; and it provided for a specific exemption for 1960 of $7,000. It is said that Ch. 456, Laws of 1960, in effect repealed the $6,000 exemption contained in the prior statutes, so on February 23, 1960, the specific exemption became $7,000. The only subsequent act of the legislature was Ch. 457, which was not to take effect until 1961.

It is a truism that the legislative intent is the guide in statutory construction. Quitman County v. Turner, 196 Miss. 746, 759, 18 So. 2d 122 (1944). In determination of a specific question, where there are apparent, superficial conflicts in related acts, the leg-

islative meaning is usually sought by examination of the entire statute and related legislation. Wilson v. Y. & M. V. R. Co., 192 Miss. 424, 429, 6 So. 2d 313 (1942).

■■ We think the legislature intended that Sec. 2, Ch. 457, Laws of 1960, creating a $7,000 specific exemption for married couples, should be effective only after January 1, 1961. Sec. 5 of Ch. 457 so provides. The $7,000 exemption for married couples was not intended to be applicable for the taxable year of 1960. The question is whether the act expresses that purpose. We think it does.

The title of Ch. 457 is important. Among other purposes, it is an act to amend Sec. 9220-11, "so as to provide an increase in personal exemption; so as to make *certain corrections* in House Bill No. 24 (which is Ch. 456); and for other related purposes." (Emphasis added.) The title specifically states that Ch. 457 is intended to *increase* personal exemptions, and to correct Ch. 456. There could be no increase of personal exemptions unless the $7,000 therein provided was in excess of the previous exemption. Further, the title of Ch. 457 stated it was intended to make "certain corrections" in Ch. 456, apparently including in part the amount of exemptions. Moreover, the enacting clause of Sec. 2, Ch. 457, states that Code Sec. 9220-11 "be and the same is hereby amended to read as follows."

In addition to these factors, it is significant that Sec. 1 of Ch. 457, amending Ch. 456 and earlier statutes as to the rates of income taxes, states: "There is hereby assessed and levied, . . . for the calendar year 1961 and for each calendar year thereafter, . . ." the following stated rates. Hence Sec. 1 expressly provides that the rates established by Ch. 457 do not take effect until the calendar year 1961.

Reading these statutes as an entirety, it is plain the legislature intended the $7,000 exemption for married couples to be effective for the tax year 1961, and not

earlier. Both the title and enacting clauses of Chapters 456 and, later, 457 state they are amending Code Sec. 9220-11, which is the income tax exemption section. And Ch. 457 says it is amending Ch. 456.

 █ The power to enact laws includes the power to fix a future date on which the act will take effect. 82 C. J. S., Statutes, Sec. 400; 1 Sutherland, Statutes and Statutory Construction (3d ed., Horack, 1943), Sec. 1605. █ The legislature may fix or change the effective date to a future time.

In sum, considering *in pari materia* the 1960 statutes, and reading them in relation to one another, we conclude the legislature intended, and by Ch. 457, Laws of 1960, so provided, that the specific exemption for married couples should not be raised from $6,000 to $7,000 until the tax year 1961.

 █ One other factor is relevant. The statutory grant of a tax exemption is strictly construed against the exemptionist and in favor of the taxing authorities. So one who asserts an exemption must establish it clearly. Monaghan v. Jackson Casket Co., 242 Miss. 840, 850, 136 So. 2d 603 (1962). Assuredly, a taxpayer has no vested right in an exemption. It is a privilege granted by the legislature and revocable at any time. 50 Am. Jur., Statutes, Sec. 536.

Affirmed.

*Lee, P. J., and Gillespie, Rodgers and Jones, JJ.,* concur.